**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY,JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 719 CAP |
| | : | |
| Appellant | : | Appeal from the order entered on |
| | : | 11/16/2015 in the Court of Common |
| | : | Pleas, Philadelphia County, Criminal |
| v. | : | Division at No. CP-51-CR-0827471- |
| | : | 1982. |
| | : | |
| JOSEPH J. KINDLER, | : | |
| | : | |
| Appellee | : | SUBMITTED:  June 15, 2016 |

**OPINION**

JUSTICE BAER                                        DECIDED:  September 28, 2016

This is a direct appeal of an interlocutory order precluding the Commonwealth from presenting victim impact evidence at the upcoming re-sentencing hearing of Appellee Joseph J. Kindler, who was convicted of first-degree murder in 1983 and previously was sentenced to death.  Preliminarily, we must determine whether this Court has jurisdiction to entertain the appeal.  For the reasons that follow, we conclude that this Court lacks jurisdiction over this appeal; thus, we do not reach the merits of the Commonwealth's claim that the trial court erred by entering the order precluding the Commonwealth from presenting victim impact evidence at Appellee's re-sentencing hearing.  Instead, we transfer the appeal to the Superior Court.

The procedural background relevant to our jurisdictional determination is protracted but can be summarized as follows.  The Commonwealth charged Appellee with several crimes in connection with the killing of David Bernstein.  On November 15,

1983, a jury convicted Appellee of first-degree murder, kidnapping, and criminal conspiracy. For his murder conviction, the jury sentenced Appellee to death.

Appellee subsequently filed post-verdict motions; however, before the trial court disposed of the motions, Appellee escaped from prison. The Commonwealth then asked the trial court to dismiss Appellee's post-verdict motions due to his fugitive status. The court granted the Commonwealth's request and deferred formal sentencing until Appellee returned to Pennsylvania.

On April 26, 1985, Appellee was arrested in St. Adele, which is located in the Province of Quebec, Canada. During the extradition process, Appellee escaped from his Canadian prison. He eventually was captured and returned to Pennsylvania. The trial court sentenced him to death on October 2, 1991, and this Court affirmed that judgment of sentence in a plurality opinion on February 9, 1994. Commonwealth v. Kindler, 639 A.2d 1 (Pa. 1994). The United States Supreme Court denied Appellee's petition for a writ of *certiorari*.

On January 11, 1996, Appellee filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. The PCRA court dismissed Appellee's petition, and this Court affirmed that court's order, essentially concluding that Appellee forfeited his right to pursue collateral relief by absconding from the law following his conviction. Commonwealth v. Kindler, 722 A.2d 143 (Pa. 1998). Appellee then turned to the federal courts in search of relief.

Specifically, Appellee filed a petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. That court granted in part Appellee's petition, holding that error had occurred during Appellee's sentencing hearing. Kindler v. Horn, 291 F.Supp.2d 323 (E.D. Pa. 2003). In so doing, the court instructed that the Commonwealth could either sentence Appellee to life imprisonment

or hold a new sentencing hearing within 180 days of the court's order. Id. at 367. The parties appealed, and the United States Court of Appeals for the Third Circuit affirmed.[1] Kindler v. Horn, 542 F.3d 70 (3d Cir. 2008). The Commonwealth sought review of that decision, and the United States Supreme Court granted the Commonwealth's petition for a writ of *certiorari*.

The Supreme Court ultimately vacated the Third Circuit's judgment and remanded for further proceedings.[2] Beard v. Kindler, 558 U.S. 53 (2009). On remand, the Third Circuit affirmed in part and reversed in part the District Court's order; the end result was that the court directed the Commonwealth either to sentence Appellee to life imprisonment or to hold a new sentencing hearing within 180 days. Kindler v. Horn, 642 F.3d 398 (3d Cir. 2011). The United States Supreme Court denied further review, and the Commonwealth chose to pursue a new sentencing hearing.

When the matter was remanded to the trial court for re-sentencing, Appellee filed a number of motions. Relevant to this opinion, Appellee filed a motion *in limine* wherein he sought an order precluding the Commonwealth from presenting victim impact evidence at his re-sentencing hearing, which is the subject of the underlying merits of this appeal. Appellee highlighted that his homicide offense occurred in 1982 and that,

---

[1] In January of 2006, Appellee filed another PCRA petition, which the PCRA court denied as untimely filed. Appellee appealed from that order, and this Court affirmed *per curiam*. Commonwealth v. Kindler, 970 A.2d 426 (Pa. 2009).

[2] In its opinion granting Appellee a new trial, the federal district court, before addressing the merits of Appellee's *habeas* claims, concluded that this Court's application of the fugitive forfeiture rule in Appellee's PCRA appeal did not provide an adequate basis to bar federal review of the *habeas* claims. The Third Circuit agreed with this conclusion. In reviewing this determination, the United States Supreme Court held "that a discretionary state procedural rule[, such as the fugitive forfeiture rule,] can serve as an adequate ground to bar federal habeas review." Kindler, 558 U.S. at 60. The High Court then remanded the matter to the Third Circuit for proceedings consistent with the Court's opinion.

at that time, Pennsylvania's death penalty statute did not allow the Commonwealth to introduce victim impact evidence during a capital sentencing hearing.

Appellee acknowledged that the death penalty statute was amended in 1995 to allow for the introduction of victim impact evidence during capital sentencing hearings. He, however, contended that the amendment applies only to sentences imposed for offenses that occurred on or after the effective date of the amendment. See, e.g., Commonwealth v. Tedford, 960 A.2d 1, 40 n. 28 (Pa. 2008) ("At the time of [Tedford's 1987 trial], victim-impact testimony was inadmissible. Pennsylvania's death penalty statute was amended on October 11, 1995 so as to allow victim-impact evidence; the amendment, however, only applies to sentences imposed for offenses committed on or after its effective date.") (citations omitted).

The trial court granted Appellee's motion to preclude the Commonwealth from presenting victim impact evidence, and the Commonwealth filed an interlocutory appeal in this Court. In its jurisdictional statement, the Commonwealth invoked this Court's jurisdiction simply by citing to 42 Pa.C.S. § 722.[3] Appellee filed a response to the Commonwealth's statement of jurisdiction. Appellee argued that, because he is not currently sentenced to death, this Court lacks jurisdiction to consider this appeal and, therefore, should transfer the matter to the Superior Court.

On March 11, 2016, this Court issued an order deferring a jurisdictional determination and directing the parties to address the propriety of this Court's

---

[3] Section 722 enumerates eight classes of cases over which this Court has exclusive appellate jurisdiction of appeals from final orders entered by the courts of common pleas. Subsection (4) of Section 722 is the only subsection relevant to this appeal. That subsection grants this Court automatic appellate review of appeals following the entry of a sentence of death, 42 Pa.C.S. § 9711(h), and of appeals from final orders entered in PCRA proceedings where the petitioner faces a sentence of death, 42 Pa.C.S. § 9546(d). 42 Pa.C.S. § 722(4).

jurisdiction to consider this interlocutory appeal in their briefs. The parties subsequently submitted their briefs to this Court wherein they address both this Court's jurisdiction in this matter and the substantive issue of whether the trial court erred by granting Appellee's motion *in limine*. We must first address the threshold jurisdictional issue, which presents a question of law. Accordingly, our standard of review is *de novo*, and our scope of review is plenary. Com., Dep't of Envtl. Prot. v. Cromwell Twp., Huntingdon Cty., 32 A.3d 639, 646 (Pa. 2011)

As a preliminary matter, it is undisputed that the order which the Commonwealth asks this Court to review is interlocutory. The Commonwealth contends, however, that the order is appealable as of right.[4] Subsection 702(a) of the Judicial Code instructs that an "appeal authorized by law from an interlocutory order in a matter shall be taken to the appellate court having jurisdiction of final orders in such matter."[5] 42 Pa.C.S.

---

[4] The Commonwealth takes the position that the interlocutory order is appealable as of right pursuant to Pa.R.A.P. 311(d). Commonwealth's Brief at 1. Rule 311(d) provides:

> In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d). In its notice of appeal, the Commonwealth certified that the trial court's order terminates or substantially handicaps the prosecution. Given that we ultimately conclude that this Court lacks jurisdiction to entertain this appeal, we offer no opinion as to whether the interlocutory order in question is appealable pursuant to Rule 311(d).

[5] To the extent that we must interpret the Judicial Code to determine whether this Court has jurisdiction to entertain this appeal, such a task is guided by the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991. Pursuant to the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).

§ 702(a). The Judicial Code further directs that the Superior Court has exclusive "jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." 42 Pa.C.S. § 742. Thus, as a general rule, the Superior Court has jurisdiction to entertain appeals from final and interlocutory orders entered in criminal prosecutions.

There are exceptions to this general rule which implicate this Court's jurisdiction. Specifically, as we previously noted, Section 722 of the Judicial Code enumerates the classes of cases over which this Court has exclusive appellate jurisdiction of appeals from final orders entered by the courts of common pleas. 42 Pa.C.S. § 722. As discussed in footnote 3, *supra*, the only subsection of Section 722 which has any relevance to this case is Subsection (4), which empowers this Court with automatic appellate review of appeals following the entry of a sentence of death, 42 Pa.C.S. § 9711(h), and of appeals from final orders entered in PCRA proceedings where the petitioner faces a sentence of death, 42 Pa.C.S. § 9546(d). 42 Pa.C.S. § 722(4).

Notwithstanding the tortured history underlying this matter, at this juncture, Appellee stands convicted of first-degree murder and is awaiting a new penalty phase hearing. Indeed, the order that the Commonwealth wishes to challenge was entered during proceedings pertaining to Appellee's new penalty hearing. For this reason, Subsection 9546(d) of the PCRA has no impact on this case. Moreover, pursuant to Subsection 9711(h), this Court's jurisdiction to entertain direct appeals of orders entered in criminal prosecutions is triggered only when defendants are sentenced to death. See, e.g., 42 Pa.C.S. § 9711(h)(1) ("A sentence of death shall be subject to automatic review by the Supreme Court of Pennsylvania pursuant to its rules."). Stated differently,

if a defendant has not been sentenced to death, this Court has no jurisdiction under Subsection 9711(h) to consider in the first instance an appeal from an order or judgment entered in a criminal prosecution.

Here, Appellee previously was sentenced to death; however, the federal courts vacated that sentence. Thus, the narrow exception contained in Subsection 9711(h) that vests jurisdiction in this Court to review directly matters decided in criminal prosecutions has not been triggered. Consequently, we hold that, in accordance with the general rule discussed above, the Superior Court is the court that must consider this interlocutory appeal in the first instance.[6]

---

[6] Despite the fairly obvious answer to the jurisdictional question presented in this matter, the Commonwealth contends that this Court's decision in Commonwealth v. Bryant, 780 A.2d 646 (Pa. 2001), dictates that this Court has jurisdiction over this appeal. We disagree.

Bryant was sentenced to death and later filed a PCRA petition. The PCRA court denied Bryant guilt-phase relief but granted him penalty-phase relief in the form of a new sentencing hearing. Bryant appealed the denial of his guilt-phase-based PCRA claims to the Superior Court but later moved to have the appeal transferred to this Court. The Superior Court denied Bryant's motion to transfer, quashed his appeal, and remanded the case for re-sentencing.

On discretionary review, this Court concluded that the Superior Court erred by denying Bryant's motion to transfer his appeal to this Court. Notably, our conclusion in this regard was based exclusively upon the plain language of Subsection 9546(d) of the PCRA, i.e., the subsection of the PCRA that addresses when this Court has jurisdiction to review orders entered in PCRA proceedings. Unlike the circumstances in Bryant, Subsection 9546(d) of the PCRA has no relevance in the case sub judice because the order in question here was not entered in a PCRA proceeding.

We acknowledge that, on one occasion, this Court applied the Bryant Court's holding in a direct appeal that technically did not involve the PCRA. The situation presented in that case, Commonwealth v. Cooper, 941 A.2d 655 (Pa. 2007), clearly is distinguishable from this matter.

After Cooper was sentenced to death, new counsel filed post-sentence motions raising, inter alia, collateral claims of ineffective assistance of counsel. The trial court held hearings on the motions and ultimately vacated the sentence of death, ordering a (continued…)

In closing, we observe that our conclusion complies with the plain language of the Judicial Code, and it is consistent with long-standing Superior Court precedent and this Court's Rules of Appellate Procedure. See Commonwealth v. Gibbs, 588 A.2d 13, 15-16 (Pa. Super. 1991) (holding that, pursuant to 42 Pa.C.S. § 702, the Superior Court has exclusive appellate jurisdiction over interlocutory appeals filed in capital cases when the court of common pleas has not yet entered a judgment of sentence); *Note* to Pa.R.A.P. 702 (stating that "the mere possibility of [a death] sentence is not intended to give the Supreme Court direct appellate jurisdiction over interlocutory orders in homicide and related cases since generally a death sentence is not imposed").

Accordingly, we transfer this case to the Superior Court.

Chief Justice Saylor and Justices Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.

---

(…continued)

new penalty phase hearing based upon its conclusion that sentencing counsel rendered ineffective assistance of counsel. The Commonwealth appealed from the portion of the order which granted Cooper a new sentencing hearing, and Cooper appealed from the portion of the order that denied his other post-sentence claims for relief. Despite the fact that the trial court had vacated Cooper's death sentence, this Court exercised direct appeal jurisdiction over the appeals, citing Bryant and stating that in "prior cases that involved collateral review, we have characterized matters in which a lower court vacated the death sentence as ones 'in which the death penalty has been imposed,' thus triggering our review of all issues properly preserved on appeal." Cooper, 941 A.2d at 660 (citing Bryant, 780 A.2d at 648). Unlike Cooper, this case does not involve collateral review or an order from a trial court vacating a sentence of death but, rather, involves pre-penalty phase proceedings.