J-S17006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSEPH J. KINDLER, | |
| Appellee | No. 3339 EDA 2016 |

Appeal from the Order Entered November 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0827471-1982

BEFORE:  OLSON, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 21, 2017**

The Commonwealth appeals as of right, under Pa.R.A.P. 311(d), from the interlocutory order of court entered on November 16, 2015, granting Appellee's (Joseph J. Kindler) motion *in limine* to preclude victim impact testimony from his first degree murder capital resentencing.  We Affirm.

The trial court summarized the relevant factual background and procedural history of the case as follows.

> On November 15, 1983, [Appellee] was found guilty [following] a jury trial, presided over by the Honorable John[] A. Geisz, of [f]irst [d]egree [m]urder, 18 Pa.C.S. § 2502(a), as a felony of the first degree; [k]idnapping, 18 Pa.C.S. § 2901, as a felony of the first degree; and [c]onspiracy, 18 Pa.C.S. § 903, as a felony of the first degree.

> On November 16, 1983, after a penalty phase, the jury recommended a sentence of death.

Following his trial, but before the death sentence had been formally imposed, [Appellee] filed several post-verdict motions. Before those motions could be heard, [Appellee] escaped from custody, was captured, escaped again, and was finally arrested and returned to Philadelphia in 1991. [Appellee's] efforts to reinstate his post-verdict motions upon his return were unsuccessful, and his judgment of conviction was thereafter affirmed, based on Pennsylvania's fugitive forfeiture doctrine. *Kindler v. Horn*, 642 F.3d 398, 399 (3d Cir. 2011)(citing *Com[monwealth] v. Kindler*, 639 A.2d 1, 3 (Pa. 1994); *Com[monwealth] v. Kindler*, 722 A.2d 143, 146-148 (Pa. 1998)).

[Appellee] then turned to the federal courts for habeas relief. On September 24, 2003, the [d]istrict [c]ourt granted [Appellee] partial relief and ordered that a new penalty phase hearing be conducted. *Kindler v. Horn*, 291 F. Supp. 2d 323, 343 (E.D. Pa. 2003). The Third Circuit [Court of Appeals] affirmed. *Kindler v. Horn*, 542 F.3d 70, 79 (3d Cir. 2008).

On May 17, 2009, the United States Supreme Court granted the Commonwealth's petition for certiorari.

On December 8, 2009, the United States Supreme Court vacated the [federal appellate court's] order for a new penalty phase hearing and remanded the case for further consideration. *Beard v. Kindler*, 558 U.S. 53 [](2009).

On April 29, 2011, the [] Court of Appeals again affirmed the grant of a new penalty phase hearing. *Kindler v. Horn*, 642 F.3d 398 (3d Cir. 2011).

On December 6, 2012, the case was returned to the Philadelphia Court of Common Pleas.

Trial Court Opinion, 1/29/2016, at 1-2 (emphasis added).

Before the start of the new penalty phase hearing, Appellee filed a motion *in limine* seeking to prevent the Commonwealth from admitting victim impact evidence. On November 16, 2015, the trial court granted the motion. On December 16, 2015, the Commonwealth filed this timely

- 2 -

interlocutory appeal,[1] as of right under Pa.R.A.P. 311(d).[2] The Commonwealth presents one issue for our review:

> Did the trial court err in precluding the Commonwealth from introducing victim impact evidence in a capital resentencing proceeding, where it relied upon a new, 1996 decision entered after the conclusion of [Appellee's] 1994 direct appeal?

Commonwealth's Brief at 2.

Specifically, the Commonwealth contends that the trial court erred in relying on **Commonwealth v. Fisher**, 681 A.2d 130 (Pa. 1996), to bar victim impact evidence from Appellee's resentencing. "Generally, a trial court's decision to grant or deny a motion *in limine* is subject to an evidentiary abuse of discretion standard of review." **Caitlin v. Hamburg**, 56 A.3d 914, 922 (Pa. Super. 2012) (citation omitted). To understand the Commonwealth's argument, a brief review of the admissibility of victim impact evidence, within the context of this case, is necessary.

---

[1] On December 16, 2015, the Commonwealth filed a concise statement of errors complained of on appeal, although the docket does not indicate that the trial court ordered such a filing. The trial court filed its opinion on January 29, 2016.

[2] The Commonwealth originally brought this interlocutory appeal before our Supreme Court. Our Supreme Court, however, unanimously held it did not have jurisdiction over the appeal pursuant to 42 Pa.C.S § 722(4) or 42 Pa.C.S. § 9711(h) because Appellee no longer has an effective death sentence. **Commonwealth v. Kindler**, 147 A.3d 890 (Pa. 2016). Thus, jurisdiction is proper in this Court.

No victim impact evidence was admitted at Appellee's original penalty phase hearing in 1983. In relevant part, the capital sentencing statute in effect at the time provided:

> (2) In the sentencing hearing, evidence may be presented as to any matter that the court deems relevant and admissible on the question of the sentence to be imposed and shall include matters relating to any of the aggravating or mitigating circumstances specified in subsections (d) and (e). Evidence of aggravating circumstances shall be limited to those circumstances specified in subsection (d).

42 Pa.C.S. § 9711(a)(2).

In 1989, our Supreme Court interpreted 42 Pa.C.S. § 9711, in **Commonwealth v. Abu-Jamal**, 555 A.2d 846 (Pa. 1989). The **Abu-Jamal** Court held that the statute did not limit the evidence introduced at a capital sentencing hearing to evidence of aggravating and mitigating circumstances. It found the language, "any matter the court deems relevant," to be inclusive, thereby giving tacit approval to the admission of victim impact evidence. **Id.** at 858.

The holding in **Abu-Jamal** is somewhat contrary to prior precedent issued by the United States Supreme Court. In 1987, the High Court decided **Booth v. Maryland**, 482 U.S. 496 (1987), which held that the admission of victim impact evidence at a capital sentencing proceeding violated the Eighth Amendment. The Court reasoned that such evidence created an impermissible risk that the jury will make an arbitrary sentencing recommendation. **Id.** at 508-509. In 1991, however, the United States

Supreme Court overruled **Booth** in **Payne v. Tennessee**, 501 U.S. 808 (1991). The Court eliminated the *per se* bar of victim impact statements and left the question of their admissibility to the states. **Id.** at 825. **Payne** held that,

> Victim impact evidence is simply another form or method of informing the sentencing authority about the specific harm caused by the crime in question, evidence of a general type long considered by sentencing authorities. We think the **Booth** Court was wrong in stating that this kind of evidence leads to the arbitrary imposition of the death penalty. In the majority of cases, and in this case, victim impact evidence serves entirely legitimate purposes.

**Id.**

Following **Payne**, in 1995, the Pennsylvania General Assembly amended the existing capital sentencing statute to allow expressly the admission of victim impact evidence. **See** 42 Pa.C.S. § 9711(a)(2). The amended statute provides, "[i]n the sentencing hearing, evidence concerning the victim and the impact that the death of the victim has had on the family of the victim is admissible." **Id.**

In 1996, our Supreme Court reconsidered the **pre-amendment** version of the capital sentencing statute. In **Fisher**, the Court held that the version of § 9711(a)(2) in effect at the time of Appellee's sentencing did not allow for the admission of victim impact evidence. Thus, the Pennsylvania Supreme Court expressly held that in those cases (like Appellee's case) in

which the offense occurred before the 1995 amendment to § 9711(a)(2), victim impact statements could not be admitted.[3]    However, the Commonwealth argues that Appellee is not entitled to the *Fisher* Court's interpretation of pre-amendment § 9711(a)(2) as his judgment of sentence became final before *Fisher* was decided.   Specifically, the Commonwealth makes the claim that Appellee cannot benefit from the ruling in *Fisher* because his judgment of sentence became final in 1994.   **See** Commonwealth's Brief at 18-20 ("It is of course well settled that a new decision applies only to cases that were still on direct appeal when the decision was announced.   Where, as here, the offender's direct appeal was completed years before, he is not entitled to the benefit of the new decision.").

The Commonwealth is correct that, in 1994, when the Supreme Court of the United States denied *certiorari* to review Appellee's claims, his **initial** judgment of sentence became final.   It is well settled that, "[w]here a case breaks with past precedent, it is not applied to a case on collateral review 'unless the decision announcing the new rule of law was handed down during

---

[3] Since *Fisher*, our Supreme Court has consistently held that the 1995 Amendment to § 9711(a)(2)—allowing admission of victim impact evidence—applies only to offenses that occurred on or after its effective date, December 11, 1995.   **Commonwealth v. Laird**, 119 A.3d 972, 1007 (Pa. 2015); **see also Commonwealth v. Duffey**, 889 A.2d 56 (Pa. 2005) ("the 1995 amendment to the death penalty statute permitting victim impact evidence applies only to sentences imposed for offenses which took place on or after the effective date of the amendment. . .").

the pendency of the defendant's direct appeal and the issue was properly preserved on direct appeal.'" **Commonwealth v. Balenger**, 704 A.2d 1385, 1390 (Pa. Super. 1997), *quoting* **Commonwealth v. Todaro**, 701 A.2d 1343, 1348 (Pa. 1997); **see also In re L.J.**, 79 A.3d 1073, 1087 (Pa. 2013) (citations omitted) ("[T]he general rule is that [a] decision announcing a new rule of law is applied retroactively so that a party whose case is pending on direct appeal is entitled to the benefit of the changes in the law."). In 2011, however, the Court of Appeals for the Third Circuit vacated Appellee's death sentence and ordered a new penalty phase. "Once a sentence is vacated. . . it is no longer in effect[.]" **Commonwealth v. Romolini**, 557 A.2d 1073, 1080 (Pa. Super. 1989). Thus, insofar as the penalty phase of Appellee's trial court proceedings is concerned, his judgment of sentence is no longer final. In fact, the slate has been wiped clean and Appellee actually seeks prospective application of the decision in **Fisher** as no new sentence has yet been imposed. Thus, he is entitled to the benefit of **Fisher** at his resentencing.

The Commonwealth also cites to **Commonwealth v. Lesko**, 15 A.3d 345 (Pa. 2011), to support its contention that Appellee is not entitled to the benefit of the **Fisher** decision because his conviction was not vacated by the federal court's resentencing order. Commonwealth's Brief at 19. Such reliance is misplaced. Specifically, the Commonwealth summarizes the decision in **Lesko** as, "[a] federal court *habeas corpus* order compelling

resentencing does not otherwise reopen final state criminal judgment." Commonwealth's Brief at 19. In **Lesko**, a federal court granted Lesko *habeas* relief in the form of resentencing. Thereafter he was, once again, sentenced to death. Our Supreme Court affirmed his new death sentence, and Lesko filed a PCRA petition challenging both his conviction and sentence. Our Supreme Court held that Lesko's PCRA petition must be, "confined to that part of the final Pennsylvania judgment that was disturbed by the federal *habeas* proceedings" and that, "[a]ll other aspects of the original judgment remain as before—final." *Id.* at 366. Meaning, Lesko's PCRA petition could only challenge his new sentence, not his conviction, which was not disturbed by the federal relief.

Applying that principle to the instant case means only that Appellee's conviction has not been disturbed by the federal court's resentencing order. It does not mean that the sentence imposed as a punishment for Appellee's conviction remains final, as the Commonwealth suggests. The trial court did not abuse its discretion in granting Appellee's motion *in limine*.

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2017