J-S67003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 401 EDA 2016 |
| KEVIN PICKARD | | |

Appeal from the PCRA Order January 29, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013277-2010,
CP-51-CR-0013279-2010, CP-51-CR-0013280-2010

BEFORE: GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 25, 2017**

The Commonwealth appeals from the Order entered in the Court of Common Pleas of Philadelphia County on January 29, 2016, granting Appellee Kevin Pickard's Petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Following a careful review, we affirm.

The PCRA court set forth the relevant facts and procedural history herein as follows:

On October 7, 2010, [Appellee] was arrested and charged under three separate Bills of Information,[1] with inter-alia; 1) three counts of Attempted Murder, pursuant to 18 Pa.C.S.A. §2502; 2) three counts of Aggravated Assault, pursuant to 18 Pa. C.S.A. §3502(a); and 3) one count of Possession of an Instrument of a Crime (PIC) with intent pursuant to 18 Pa.C.S.A. 907(a). On June

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

* Former Justice specially assigned to the Superior Court.

25 2012, [Appellee], at the conclusion of his jury trial before the Honorable Lisette Sheridan-Harris, J., was found guilty on all three charges of Aggravated Assault and the charge of PIC. Judge Sheridan-Harris, in light of the jury's being unable to reach a decision, declared a mistrial on all three counts of Attempted Murder.

On August 10, 2012, Judge Sheridan-Harris imposed concurrent sentences of five to ten years['] confinement in a state correctional facility, on each of the three Aggravated Assault charges, followed by four concurrent periods of probation of five years, on each of the Aggravated Assault charges as well as the PIC charge, to be served consecutively to his period of confinement, resulting in an aggregate sentence of five to ten years['] confinement, followed by five years of probation.

On August 16, 2012, the Commonwealth filed a post sentence motion seeking reconsideration of [Appellee's] sentences. On August 17, 2012, Judge Sheridan-Harris, after a hearing, vacated [Appellant's] sentences and imposed a new sentence of consecutive periods of confinement of five to ten years on each of the Aggravated Assault charges, as well as a consecutive period of confinement of two to four years on the PIC charge, for an aggregate sentence of seventeen to thirty[-]four years['] confinement.

On August 23, 2012, [Appellee] filed a *pro se* memorandum of law which appears to have been treated by Judge Sheridan-Harris as a post sentence motion seeking a new trial. On September 18, 2012, Judge Sheridan-Harris, advising [Appellee] of his appellate rights, entered an Order denying post trial motion without a hearing. [Appellee] did not pursue a direct appeal.

On November 15, 2012, [Appellee] timely filed the instant a [sic] *pro se* PCRA Petition pursuant to 42 Pa.C.S.A. §9541, et. Seq. alleging ineffective assistance of counsel. On March 7, 2014, Todd Michael Mosser, Esq., was appointed as counsel to represent [Appellee] for the purposes of his PCRA Petition. On October 15, 2015, Mr. Mosser filed an amended PCRA petition on [Appellee's] behalf, alleging ineffective assistance of counsel in seeking reinstatement of [Appellee's] appellate rights, as well as reinstatement of his right to file post sentence motions *nunc pro tunc*. On July 30, 2015, the Commonwealth filed a motion to dismiss [Appellee's] PCRA petition. On October 9, 2015, after a hearing, the Court issued its notice, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure (Pa. R. Crim. P.), advising [c]ounsel and [Appellee] that it intended to dismiss [Appellee's] petition within twenty days of issuance. On November

23, 2015, [Appellee's] counsel filed "Counsel's Response to Rule 907 Notice," objecting to the dismissal of [Appellee's] PCRA petition. On January 29, 2016, after a hearing, the [c]ourt reinstated [Appellee's] appellate rights as well as his right to file post sentence motions *nunc pro tunc*.

On February 3, 2016, the Commonwealth filed the instant interlocutory appeal to the Superior Court of Pennsylvania, contemporaneously filing its Statement of Errors Complained of on Appeal Pursuant to PA.R.A.P. 1925(b).[2]

_____

[1] CP-51-CR-0013277-2010; CP-51-CR-0013279-2010 and CP-51-CR-0013280-2010.

Trial Court Opinion, filed 9/28/16, at 1-3.

The Commonwealth presents a single question for this Court's review:

Did the lower court err when, in contravention of Supreme Court precedent, it ruled that [Appellee] was not required to prove actual prejudice in support of his claim that trial counsel provided ineffective assistance by not filing a post-sentence motion?[3]

Commonwealth's Brief at 3.

The Commonwealth maintains Appellee "did not even attempt to prove" that trial counsel's failure to file a post-sentence motion actually prejudiced him which was a critical element of his ineffectiveness claim under our Supreme Court's decision in **Commonwealth v. Reaves** 592 Pa. 134, 923 A.2d 1119 (2007). Commonwealth's Brief at 8. The Commonwealth urges

_____

[2] Although the PCRA court characterizes the instant appeal as interlocutory, an appeal from an Order granting a PCRA petition constitutes a final order for purposes of appeal. Pa.R.Crim.P. 910; **Commonwealth v. Bryant**, 566 Pa. 307, 310, 780 A.2d 646, 648 (2000).

[3] The Commonwealth does not challenge the PCRA court's January 29, 2016, Order to the extent it authorizes Appellant to file a direct appeal *nunc pro tunc*. **See** Commonwealth's Brief at 7, n. 1.

this Court to reverse the PCRA court's Order to the extent it authorizes Appellee to file a post-sentence motion *nunc pro tunc* and maintains that decision was an abuse of discretion. ***Id***. at 17.

In analyzing the Commonwealth's argument, we are guided by a well-settled standard of review.

> When reviewing an order granting PCRA relief, we must determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. Moreover, we will not disturb the findings of the PCRA court unless those findings have no support in the certified record.

***Commonwealth v. Rivera***, 154 A.3d 370, 377 (Pa.Super. 2017), *appeal denied*, 2017 WL 3188983 (Pa. July 27, 2017) (quotations and citation omitted).

With respect to a claim trial counsel was ineffective for failing to file post-sentence motions, we observe that in ***Reaves*** our Supreme Court explained that while there are some limited situations in which a defendant who alleges counsel had been ineffective need not prove prejudice to obtain relief, the failure to file post-sentence motions is not one of them. ***Reaves*** at 149-150, 923 A.2d at 1128–1129. Therein, the Court determined the defendant "failed to prove ***Strickland***[4]/***Pierce***[5] prejudice, that is, he failed

---

[4] ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[5] ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973 (1987).

to rebut the presumption of effectiveness by showing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" ***Reaves***, 592 Pa. at 154, 923 A.2d at 1131 (citation omitted) ***see also Commonwealth v. Liston***, 602 Pa. 10, 977 A.2d 1089 (2009). Where prejudice cannot be presumed, the defendant must plead and prove actual prejudice under ***Strickland*** by showing that both his "counsel's performance was deficient" and that the "deficient performance prejudiced the defense." ***Reaves***, 592 Pa. at 147, 923 A.2d at 1127 (citing ***Strickland***, 466 U.S. at 687, 104 S.Ct. at 2068).

In ***Liston***, our Supreme Court further held that a defendant who is granted the right to file a direct appeal *nunc pro tunc* is not automatically entitled to file post-sentence motions *nunc pro tunc.* Nevertheless, the Court recognized that reinstatement of a defendant's right to file post-sentence motions is warranted in some cases:

> Our holding should not be construed as prohibiting a PCRA court from reinstating a defendant's right to file post-sentence motions *nunc pro tunc.* If a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief. Presumably, since post-sentence motions are optional, ***see*** Pa.R.Crim.P. 720(B), **rarely will counsel be deemed to have been ineffective for failing to file them except, for example, when the claim involves the discretionary aspects of sentence** or a challenge to a verdict on weight of the evidence grounds, **claims which must be raised in the trial court to be preserved for purposes of appellate review**.

*Id.* at 19 n. 9, 977 A.2d at 1095 n. 9 (emphasis added). In interpreting *Liston*, a panel of this Court explained that a PCRA petitioner may not be granted reinstatement of his post-sentence motion rights "if he has not requested such relief with the PCRA court, and if the court did not hold an evidentiary hearing on that issue." *Commonwealth v. Fransen*, 986 A.2d 154, 155 (Pa.Super. 2009).

Herein, contrary to the Commonwealth's characterization of the PCRA court's holding as not requiring proof of actual prejudice and although the PCRA court did express its confusion as to why different standards apply to a determination of whether post-sentence motions and/or a direct appeal may be filed *nunc pro tunc*, the PCRA court did acknowledge that in light of our Supreme Court's holding in *Liston* one's right to file post-sentence motions *nunc pro tunc* is not automatic even where the PCRA court grants a petitioner the right to file a direct appeal *nunc pro tunc.* The court, nevertheless, determined Appellee properly had met his burden of establishing trial counsel's ineffectiveness prevented him from exercising his right to file and litigate a post-sentence motion which prejudiced him pursuing the sentencing challenge he now raises. Specifically, the trial court reasoned as follows:

> In seeking PCRA relief, [Appellee] has properly preserved his right to seek reinstatement of his right to file post-sentence motions *nunc pro tunc*, by pleading that trial counsel was ineffective in failing to follow his direction "to file a post sentence motion challenging the sentence," immediately after his original sentence was vacated and a new harsher sentence was imposed. At the hearing held on January 29, 2016, to consider his PCRA

petition, [Appellee] met his burden of establishing that "he was deprived of his right to file and litigate post-sentence motions as a result of counsel's ineffectiveness." [Appellee] testified that two days after his new sentence was imposed, he met with trial counsel and requested him to file a post sentence motion to preserve his right to appeal the discretionary aspects of his sentence. (N.T., 1/29/16, pgs. 24, 25)

Trial Counsel, W. Fred Harrison, Jr., Esq., testified, that he had no independent recollection of meeting with [Appellee] or discussing the filing of post sentence motions after the re-imposition of [Appellee's] sentence. (N.T., 1/29/16, pgs. 16, 19, 23) He also testified [Appellee] was "very disappointed in the new sentence" and that the trial [c]ourt may have been influenced to impose a harsher sentence by the large turnout of the "police department" and "community activists" at the resentencing hearing. (N.T., 1/29/16, pgs. 16-18)

Since there is no evidence that trial counsel objected to the imposition of the harsher sentence at the time it was imposed, [Appellee's] only recourse to preserve this sentencing issue for appeal was to file a post sentence motion pursuant the Pennsylvania Rules of Criminal Procedure, Rule 720. In reinstating [Appellee's] right to file post-sentence motions *nunc pro tunc*, the [c]ourt stated for the record: "I'm finding that ... his rights were, he was frustrated by his privately retained lawyer not pursuing his request for review of his sentence. I'm allowing him to file direct appeal nunc pro tunc as well as post-sentence motions *nunc pro tunc*. (N.T., 1/29/16, pgs. 33, 34) "I accept defense counsel's representation with regard to the case law, and in addition, it never made any sense to me that there would be any different standard in a post-sentence then [sic] on a direct appeal. And, at the heart of all of it, is he has the right and the right must be carried out by his lawyer especially in this case. What he's really upset about is the sentence. In order to get that sentence on direct appeal, he has to file a post-sentence motion." (N.T., 1/29/16, pgs. 34, 35).

PCRA Court Opinion, filed 1/28/16, at 4-5. We find support in the certified record for the PCRA court's holding that trial counsel had been ineffective for depriving Appellee of the opportunity to litigate post-sentence motions and that Appellee had been prejudiced thereby as well as for its concomitant

granting of Appellee's request for *nunc pro tunc* relief to file both post-sentence motions and a direct appeal.

Consistent with ***Liston*** and ***Fransen***, ***supra***, Appellee properly pled in his counselled, amended PCRA petition that trial counsel had deprived him of the opportunity to litigate a post-sentence motion challenging his sentence and that counsel had no reasonable basis for doing so. The Commonwealth ignores the fact that in the petition, as well as in the proposed order attached thereto, Appellee requested the ability to file both a post-sentence motion and a direct appeal *nunc pro tunc*. ***See*** Amended Petition for Relief Under the Post Conviction Relief Act ("PCRA"), filed October 15,2014, at 3-4; Petitioner's Memorandum of Law in Support of Amended PCRA Petition, at 6. The Commonwealth also fails to acknowledge that even prior to this filing, as the PCRA court recognized, Appellee filed a *pro se* memorandum seeking a new trial on August 23, 2012, which the trial court treated as a post sentence motion and denied without a hearing on September 18, 2012. Also, in his initial PCRA petition filed *pro se* on November 15, 2012, Appellee challenged trial counsel's effectiveness.

Furthermore, at the PCRA hearing held on January 29, 2016, Appellee testified as follows:

Q. Okay. And when [trial counsel] visited you, what did you tell him about that re-sentence?
A. He asked me how do I feel. I told him I wasn't happy. And I asked him what can we do to appeal the sentence, and his exact words to me were that it wasn't a good idea because it goes in

front of the same judge and he didn't object to anything in the sentence or in the trial itself.

Q.     So did you ask him to file a motion?
A.     I did ask him to file a motion.
Q.     He told you he wouldn't do it?
A.     His exact words to me was it wasn't nothing to appeal because it was going to go in front of the same judge.

                                        …
Q.     Okay.  Was the reason that you asked him to file a motion to reconsider the sentence so that you could appeal the sentence?
     [Counsel]: Objection.
     [Appellee]: Yes.
     [Counsel]:  Leading the witness.
     The Court:  Overruled.
Q.     What was your answer?
A.     Yes.

N.T. PCRA Hearing, 1/29/16, at 24-26.

Trial counsel acknowledged at the PCRA hearing that Appellee was "very disappointed in the new sentence," admitted he could not recall whether Appellee had requested that he file post-sentence motions on Appellee's behalf, and expressed he was concerned at the time that Appellee could not continue to pay his fees were counsel to take further action.  *Id*. at 16, 19-20.  Importantly, when asked what he told Appellee "needed to be done" following the resentencing hearing held on August 17, 2012, counsel replied: "I said if [he] wanted to do anything or if [he] wanted to file anything, [he] should ask the [c]ourt to have counsel appointed."  When further questioned as to whether he had ever withdrawn from the case, counsel replied "No."  *Id*. at 20.

The sole issue Appellee raised in his PCRA petition presented a challenge to the discretionary aspects of his sentence.   It is well-established

that such a claim is considered a petition for permission to appeal which must be presented initially to the trial court either at the sentencing hearing or in a timely-filed post-sentence motion, and absent such efforts, one waives a challenge to the discretionary aspects of his sentence. ***Commonwealth v. McAfee***, 849 A.2d 270, 274-75 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004). Pennsylvania Rule of Criminal Procedure 120 provides that "[c]ounsel for a defendant may not withdraw his or her appearance except by leave of court." Pa.R.Crim.P. 120(B)(1). Rule 120 further provides that a motion to withdraw shall be filed either with the clerk of court with copies served on the attorney for the Commonwealth and the defendant or made orally on the record in open court in the presence of the defendant. Pa.R.Crim.P. 120(B)(2). After counsel is granted leave to withdraw, the court must determine whether new counsel is entering an appearance, new counsel is being appointed to represent the defendant, or the defendant is proceeding without counsel. Pa.R.Crim.P. 120(B)(3). As such, trial counsel's advice to Appellee to seek the appointment of new counsel was hampered by counsel's own failure to seek to withdraw and left Appellee with no means by which to preserve a challenge to the discretionary aspects of his sentence, for in this Commonwealth hybrid representation is not permitted. ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa.Super. 2016) (stating *pro* se motions have no legal or tolling effect and, therefore, are legal nullities).

In light of the foregoing and cognizant of our standard of review, we find the certified record evinces that Appellee requested trial counsel to file a motion for reconsideration of his sentence and that counsel failed either to do so or to seek to withdraw as counsel. Appellee also demonstrated at an evidentiary hearing that he expressed great disappointment following the resentencing hearing on August 17, 2012, and asked counsel to file post-sentence motions, that counsel's monetary concerns may have factored into his decision not to do so, and that Appellee was prejudiced as a result, for absent the filing of a post-sentence motion his challenge to the discretionary aspects of his sentence was waived. Therefore, the restoration of Appellee's direct appeal rights *nunc pro tunc* without a restoration of his post-sentence rights *nunc pro tunc*, as requested, would have been inconsequential. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017

- 11 -