780 A.2d 646

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert BRYANT, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 26, 2000.

Decided Sept. 26, 2001.

Robert Brett Dunham, Philadelphia, for Robert Bryant.

Michael Wayne Streily, Rebecca Spangler, Pittsburgh, for Commonwealth of Pennsylvania.

Before JOHN P. FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NEWMAN, Justice.

We granted allocatur in this matter to address the appropriate manner in which to seek appellate review of a capital case when a court of common pleas denies post-conviction relief of guilt phase issues but grants relief with respect to sentencing.

## FACTS AND PROCEDURAL HISTORY

In 1987, a jury convicted Appellant Robert Bryant (Bryant) of murder in the first degree for the killing of a fellow inmate at the State Correctional Institution at Pittsburgh. Following a sentencing hearing, the same jury sentenced him to death. This Court affirmed the conviction and sentence. *Commonwealth v. Bryant,* 524 Pa. 564, 574 A.2d 590 (1990).

Bryant subsequently filed for relief pursuant to the Post Conviction Relief Act (PCRA).[1] On March 24, 1998, Senior Judge John W. O'Brien of the Court of Common Pleas of Allegheny County (PCRA court) issued an Order dismissing all claims of error relating to Bryant's conviction but granted a new sentencing hearing. Bryant filed a timely appeal with the Superior Court in which he challenged the denial of guilt phase relief. The Commonwealth did not file a cross-appeal regarding the new sentencing hearing. However, at the request of the Commonwealth, the PCRA court issued an Order on June 10, 1998, staying the new sentencing hearing pending final disposition of the appeal of the portion of the March 24, 1998 Order denying guilt-phase relief.

On September 10, 1998, Bryant moved to transfer jurisdiction of his appeal to this Court pursuant to Section 9546(d) of the PCRA. The Superior Court denied the motion of Bryant seeking leave to transfer, and ordered the appeal to continue. Bryant and the Commonwealth both filed briefs, and they submitted the case to a panel of the Superior Court. By Order dated June 10, 1999, the Superior Court issued an Order quashing the appeal and remanding the matter to the trial court for imposition of a new sentence. Bryant filed a timely Application for Reargument, which the Superior Court denied on August 4, 1999.[2]

---

1. 42 Pa.C.S. §§ 9541–46.

2. Although the Commonwealth did not file an appeal of the Superior Court's Order quashing Bryant's appeal, it states in its brief that it agrees with Bryant that the Superior Court should have disposed of the guilt phase issues of the appeal rather than remanding for resentencing.

### DISCUSSION

■ This Court has not addressed the issue of the correct procedure for a capital defendant to follow when the PCRA court grants his request for a new sentencing hearing, but denies his request for guilt-phase relief.[3] By quashing the appeal in the instant matter, the Superior Court indicated that the trial court must first hold a hearing and impose a new sentence before an appellate court can consider the denial of guilt-phase relief by the PCRA court. For the reasons that follow, we disagree.

Rule 1510 of the Pennsylvania Rules of Criminal Procedure provides, "An order denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Furthermore, Pennsylvania Rule of Appellate Procedure 341(b) defines a final order as one that "disposes of all claims of all parties." The Order of the PCRA court fully and finally disposed of all of issues before it. Accordingly, it was a final order that Bryant, the Commonwealth or both could have appealed. Had Bryant not filed a notice of appeal within thirty days of the entry of the Order, as required by Pa.R.A.P. 903, he would have waived future review of the decision of the PCRA court.

■ Because the Order of the PCRA court was appealable, we now consider whether the Superior Court erred in determining that review of the guilt phase issues must wait until the trial court imposes a new sentence. Bryant asserts that the procedure endorsed by the Superior Court prejudices a defendant because it significantly delays the review of the merits of his claim. Moreover, it requires the defendant to endure the anxiety attendant to a capital re-sentencing procedure, although the underlying conviction may be reversed because of the errors raised on appeal. Along with these

3. As Bryant notes, had the Commonwealth appealed the grant of sentencing relief to this Court pursuant to Section 9546(d) of the PCRA, he would have been able to file a cross-appeal regarding the guilt phase issues. This Court could then have disposed of all guilt and sentencing issues in one proceeding.

concerns, which are unique to the defendant, there are also concerns regarding the efficient administration of justice. It would be wasteful of scarce judicial resources to empanel a new sentencing jury, apprise it of the facts of the underlying crime, hold a full hearing, instruct the jury about sentencing in a capital case and then allow it deliberate and reach a decision, only to have the sentence rendered a nullity if the decision of the PCRA court regarding the guilt phase is reversed on appeal.

■ Re-sentencing the defendant before engaging in appellate review of the denial of PCRA relief also results in piecemeal litigation, delay in the determination of guilt phase issues, and potential misuse of judicial resources if the new sentence is rendered moot by subsequent disposition of the guilt phase issues. For these reasons, the orderly administration of justice requires that review of the PCRA court's decision denying guilt phase relief should precede the imposition of a new sentence by the trial court.

■ Bryant next asserts that because he is entitled to appellate review of the PCRA court's decision prior to resentencing, then it is this Court, and not the Superior Court that has jurisdiction to review the denial of guilt phase relief. He bases his argument upon Section 9546(d) of the PCRA, which provided[4]: "A final court order under this subchapter in a case in which the death penalty has been imposed shall be directly appealable only to the Supreme Court pursuant to its rules."

Byrant correctly asserts that the legislature did not require that the sentence of death actually be pending in order for this Court to have jurisdiction. Thus, this case remains one "in which the death penalty has been imposed" and, based on the plain meaning of the statute, the appeal is properly to this Court. Accordingly, the Superior Court erred when it denied Bryant's motion to transfer jurisdiction.

---

4. We refer to the provision as it read before the 1995 and the 1997 amendments.

312

## *CONCLUSION*

For these reasons, we vacate the Order of the Superior Court and direct the Prothonotary of the Superior Court to transfer to this Court Bryant's appeal from the common pleas court order denying PCRA relief as to guilt phase issues. See Pa.R.A.P. 751.