J-E02001-15

2015 PA Super 230

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT DA-JUAN GAINES, | |
| Appellant | No. 1497 MDA 2013 |

Appeal from the PCRA Order Entered July 15, 2013
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001303-2009

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., PANELLA, J., DONOHUE, J.,
SHOGAN, J., ALLEN, J., LAZARUS, J., MUNDY, J., and STABILE, J.

DISSENTING OPINION BY BENDER, P.J.E.:      **FILED NOVEMBER 05, 2015**

For the reasons stated *infra*, I would conclude that Appellant's appeal is timely, as it properly lies from the court's imposition of his new judgment of sentence on July 17, 2013.  Accordingly, I respectfully dissent.

Initially, because the PCRA court's July 15, 2013 order denied Appellant's substantive claims, yet granted his challenge to the legality of his sentence, I consider it a hybrid order that was not final for purposes of Pa.R.Crim.P. 910.  Clearly, that hybrid order upset the finality of Appellant's judgment of sentence, and it was not until July 17, 2013, that Appellant was resentenced.  Appellant then had 10 days to file a timely post-sentence motion, which he did.  ***See*** Pa.R.Crim.P. 720(A)(1).  When the court issued

its July 30, 2013 order granting that motion and correcting the RRRI Act[1] eligibility component of Appellant's sentence, the court's action in this case concluded. Because the lower court's July 30, 2013 order finalized the post-conviction proceedings, I would consider that order as the 'final' order for purposes of appeal. Accordingly, I would hold that Appellant had 30 days from the July 30, 2013 order to file an appeal from *both* the denial of his substantive PCRA claims, as well as the reimposition of his sentence. ***See*** Pa.R.Crim.P. 720(A)(2)(a) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed: (a) within 30 days of the entry of the order deciding the motion....").[2]

_____

[1] Recidivism Risk Reduction Incentive Act (RRRI Act), 61 Pa.C.S. §§ 4501-4512.

[2] The Majority disagrees that the PCRA court resentenced Appellant, instead contending (without citation to any legal authority), that sentencing "is a trial court function, not a collateral proceeding function." Majority Opinion at 6. From this premise, the Majority imagines a scenario where a defendant files a timely petition raising "one guilt-phase claim and one sentencing-phase claim." ***Id.*** at 8. The PCRA court affords the defendant a "partial grant of relief" by awarding him a new trial, thereby "rendering the sentencing issue moot." ***Id.*** The Majority opines that, "[u]nder Appellant's proposed procedure, the Commonwealth would be **required** to wait to appeal this PCRA order until an order is imposed following the conclusion of the proceeding resulting from the partial grant of the relief ordered by the PCRA court, *i.e.*, the completion of the new trial." ***Id.*** (emphasis in original).

I disagree with this hypothetical for two reasons. First and foremost, in this case, the PCRA court *granted* Appellant's sentencing claim and *denied* his substantive claims. In the Majority's hypothetical, however, the PCRA court ruled *only* on the merits of the 'guilt-phase claim' and issued no ruling on the *moot* sentencing issue. Thus, the PCRA court's order in the Majority's hypothetical is not a 'partial grant of relief' - it is a total grant of relief. I

*(Footnote Continued Next Page)*

I acknowledge that in **Commonwealth v. Bryant**, 780 A.2d 646 (Pa. 2001), our Supreme Court reversed this Court's attempt to apply a similar procedure in a *capital case*. **Id.** at 647 ("By quashing the appeal in the instant matter, the Superior Court indicated that the trial court must first hold a hearing and impose a new sentence before an appellate court can consider the denial of guilt-phase relief by the PCRA court. For the reasons

*(Footnote Continued)* _____

cannot conceive of a scenario where a PCRA court's grant of a new trial would result in a truly 'hybrid' order, such as the order at issue in the present case. Accordingly, the Majority's fear that 'Appellant's rule' would apply to an order granting a new trial is unfounded.

Secondly, the Majority's hypothetical is premised on its unsupported declarations that sentencing is a trial court function, **id.** at 6, and "[t]here is no functional difference between a grant of resentencing and the grant of a new trial, as they both would artificially end collateral review under Appellant's rule," **id.** at 8. However, the Majority correctly (and contradictorily) acknowledges in a footnote that "[i]n appropriate circumstances, a PCRA court may impose the new sentence…." **Id.** at 6 n.5; **see also Commonwealth v. Bartrug**, 732 A.2d 1287, 1289 (Pa. Super. 1999) (recognizing that resentencing is not outside "the power or jurisdiction" of the PCRA court). In my view, when a PCRA court vacates an illegal sentence, that same court may also impose a new sentence. **See Bartrug, supra**. The same is not true when a PCRA court orders a new trial; *only* a trial court may preside over a criminal trial. Therefore, where a PCRA court issues an order granting a new trial, it is *clear* that that order ends the post-conviction proceedings, and is final for purposes of appeal. The same is not definitively true for a PCRA court's order granting a petitioner's challenge to the legality of his sentence and vacating his term of incarceration in anticipation that a new sentence will be shortly imposed.

For these reasons, I disagree with the Majority that 'Appellant's rule' could apply to an order granting a petitioner a new trial. Such orders would remain 'final' and immediately appealable even if we held today that hybrid orders (denying substantive claims and granting resentencing) are not appealable until the petitioner has been resentenced.

that follow, we disagree."). In doing so, the **Bryant** Court first relied on the language of Rule 910 (which was at that time numbered as Pa.R.Crim.P. 1510) and Rule 341(b), to conclude that,

> [t]he Order of the PCRA court fully and finally disposed of all issues before it. Accordingly, it was a final order that Bryant, the Commonwealth or both could have appealed. Had Bryant not filed a notice of appeal within thirty days of the entry of the Order, as required by Pa.R.A.P. 903, he would have waived future review of the decision of the PCRA court.

**Bryant**, 780 A.2d at 648.

The Court next "consider[ed] whether the Superior Court erred in determining that review of the guilt phase issues must wait until the trial court imposes a new sentence." **Id.** at 648. In holding that this Court did err in that determination, the **Bryant** Court stated:

> Bryant asserts that the procedure endorsed by the Superior Court prejudices a defendant because it significantly delays the review of the merits of his claim. Moreover, it requires the defendant to endure the anxiety attendant to a capital re-sentencing procedure, although the underlying conviction may be reversed because of the errors raised on appeal. Along with these concerns, which are unique to the defendant, there are also concerns regarding the efficient administration of justice. It would be wasteful of scarce judicial resources to empanel a new sentencing jury, apprise it of the facts of the underlying crime, hold a full hearing, instruct the jury about sentencing in a capital case and then allow it [to] deliberate and reach a decision, only to have the sentence rendered a nullity if the decision of the PCRA court regarding the guilt phase is reversed on appeal.
>
> Re-sentencing the defendant before engaging in appellate review of the denial of PCRA relief also results in piecemeal litigation, delay in the determination of guilt phase issues, and potential misuse of judicial resources if the new sentence is rendered moot by subsequent disposition of the guilt phase issues. For these reasons, the orderly administration of justice

> requires that review of the PCRA court's decision denying guilt phase relief should precede the imposition of a new sentence by the trial court.

*Id.* at 648.

I would interpret the Supreme Court's decision in **Bryant** as applying only to capital petitioners. Notably, the **Bryant** Court explicitly stated that it was addressing "the correct procedure for a *capital* defendant to follow when the PCRA court grants his request for a new sentencing hearing, but denies his request for *guilt-phase* relief." **Bryant**, 780 A.2d at 647 (emphasis added). In both the Court's statement of the issue, and in its analysis thereof, the Court repeatedly used terms attendant only to death-penalty cases, such as "guilt-phase issues," "guilt-phase relief," and "capital resentencing." I presume that when the Supreme Court renders a decision, it chooses its wording carefully and purposefully; therefore, the plain language of **Bryant** limits the holding therein to capital cases.

Moreover, in my view, certain policy considerations emphasized by the **Bryant** Court do not apply to (or at least do not weigh as heavily in favor of) requiring non-capital petitioners to appeal prior to resentencing. Namely, non-capital petitioners do not have to "endure the anxiety attendant to a capital resentencing procedure," and resentencing in a non-capital case does not require all of the resources necessarily utilized in resentencing a capital defendant. *Id.* at 648. Furthermore, I believe that extending **Bryant**'s procedural rule to non-capital defendants will hamper "the orderly administration of justice…." **Bryant**, 780 A.2d at 648. For instance, I

- 5 -

cannot disregard the waiver trap that will inevitably result from the Majority's holding today, which requires a petitioner to file a notice of appeal from a hybrid order that denies his substantive claims, yet grants resentencing. A *pro se* petitioner, and attorneys inexperienced in the complexities of PCRA litigation, may reasonably presume that, as with a direct appeal, the petitioner must wait until *after* the court resentences him to file a notice of appeal. Such a presumption is logical when considering that if the petitioner files a notice of appeal *prior* to being resentenced, the lower court will lose jurisdiction and the petitioner's resentencing will be stayed until after the appeal from the denial of his substantive claims, which could take months, if not years.[3]

Additionally, deeming the order that resentences a PCRA petitioner as the final order for purposes of appealing from both the denial of substantive claims and the resentencing prevents multiple appeals, which conserves the judicial resources of this Court. Under the Majority's holding, we will now be faced with the possibility of *two* appeals: one from the PCRA court's order

_____

[3] Avoiding waiver of an appeal from the disposition of a petitioner's timely, first PCRA petition is especially important in light of this Court's recent decision in **Commonwealth v. Henkel**, 90 A.3d 16 (Pa. Super. 2014) (construing Pennsylvania Supreme Court precedent as holding that claims of ineffective assistance of post-conviction counsel may not be raised for the first time on appeal), and the general rule "that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).

denying the substantive claims, and another if the petitioner chooses to challenge the new sentence.

The procedure mandated in **Bryant** is also not appropriate in non-capital cases because, unlike capital petitioners who *necessarily* will be resentenced to either life imprisonment, or the penalty of death, non-capital petitioners have no assurance of any certain sentence. Consequently, the Majority's holding that requires non-capital petitioners to file an appeal from the denial of their substantive claims, prior to being resentenced, poses two significant problems. First, such a procedure could result in a petitioner's serving unnecessary prison time if the disposition of their appeal from the denial of their substantive claims takes *longer* than the new sentence ultimately imposed by the court.[4] Second, our legislature clearly stated in

_____

[4] A hypothetical demonstrates this point. A defendant files a PCRA petition challenging the legality of his sentence and raising claims of ineffective assistance of counsel. The PCRA court grants his sentencing claim and schedules a resentencing hearing, but denies his ineffectiveness assertions. Before being resentenced, the defendant files an appeal from the order denying his substantive claims and his resentencing hearing is stayed as a result. While the defendant's appeal is pending, he remains incarcerated. It takes one year for this Court to consider the appeal and affirm the PCRA court's order denying the defendant's petition. He then files a petition for permission to appeal to our Supreme Court, which is denied after another three months pass. When the lower court finally regains jurisdiction after 15 months, it resentences the defendant to a term of 6 to 12 months' incarceration. The petitioner is given credit for time served and is immediately released. However, he has been forced to serve an unnecessary three months of incarceration, not to mention the time he served prior to and during the course of trial and the PCRA proceedings below.

the PCRA that to be eligible for relief, a petitioner must plead and prove, *inter alia*, that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who is awaiting resentencing will not be able to meet this burden.

In sum, the considerations discussed herein compel me to conclude that the procedure mandated in **Bryant** applies only to capital petitioners. Thus, I would hold that in non-capital cases, an appeal from a hybrid PCRA order that denies substantive claims, yet grants resentencing, must be filed within 30 days of the order resentencing the petitioner, or within 30 days of an order deciding a timely-filed post-sentence motion. In that appeal, the petitioner would be permitted to challenge both the PCRA court's denial of his substantive claims, as well as raise any issues regarding the new sentence imposed by the court.

In this case, Appellant's notice of appeal was filed within 30 days of the PCRA court's July 30, 2013 order granting his timely-filed post-sentence motion. Therefore, I would deem his appeal timely and conclude that we have jurisdiction to review the merits of this appeal. Because the Majority holds otherwise, I dissent.

President Judge Gantman and Judge Shogan join this dissenting opinion.