DISSENTING OPINION BY
BENDER, P.J.E.:
;For the reasons stated infra, I would conclude that Appellant’s appeal is timely, as it properly lies from the court’s imposition of his new judgment of sentence on July 17, 2013. Accordingly, I respectfully dissent.
Initially, because the PCRA court’s July 15, 2013 order denied Appellant’s substantive claims, yet granted his challenge-.to the legality of his sentence, I consider it a hybrid order that was not final for purposes, of Pa.R.Crim.P. 910. Clearly, that hybrid order upset the finality of Appellant’s judgment of sentence, and it was not until July 17, 2013, that Appellant was resentenced. Appellant then had 10 days to file a timely post-sentence motion, which he did. See Pa.R.Crim.P. 720(A)(1). When the court issued its July 30, 2013 order granting that motion and correcting the RRRI Act[1] eligibility component of Appellant’s sentence, the court’s action in this case concluded. Because the lower court’s July 30, 2013 order finalized the post-con-yiction proceedings, I would consider that order as the ‘final’ order for purposes' of appeal. Accordingly,-• I would hold that Appellant had 30 days from the July 30, 2013 order to file an appeal from both the denial of his substantive PCRA claims, as well as the reimposition of his sentence. See Pa.R.Crim.P. 720(A)(2)(a) (“If the defendant files a timely post-sentence motion, the notice of appeal shall be filed: (a) within 30 days of the entry of the order deciding the motion ;.. .”).[2]
*23 I acknowledge that in Commonwealth v. Bryant, 566 Pa. 307, 780 A.2d 646 (2001), our Supreme Court reversed this Court’s attempt to apply a similar procedure in a capital case. Id. at .647 (“By quashing the appeal in the instant matter, the Superior Court indicated that the trial court must first hold a hearing and impose a new sentence before an appellate court can consider the denial of guilt-phase relief by the PCRA court. For the reasons that follow, we disagree.”). In doing so, the - Bryant Court first relied on the language of Rule 910 (which was- at that time numbered as Pa.R.Crim.P. 1510) and Rule 341(b), to conclude that,
[t]he Order of the PCRA court fully and finally disposed of all issues before it. Accordingly, it was a final order that Bryant, the Commonwealth or both could have appealed. Had Bryant not filed a notice of appeal within thirty days of the entry of the Order, as required by Pa.R.A.P. 903, he would have waived future review of the decision of the PCRA court.-
Bryant, 780 A.2d at 648.
The Court néxt “consider[ed] whether the Superior Court erred in determining that review of the guilt phase issues must wait until the trial court imposes a new sentence.” Id. at 648. In holding that this Court did err in that determination, the Bryant Court stated:
Bryant asserts that the procedure endorsed by the Superior Court prejudices a defendant because it significantly delays the review of the merits of his claim, .Moreover, it requires the defendant to endure the anxiety attendant to a capital re-sentencing procedure, although the underlying conviction may be reversed because of the errors raised on appeal. Along with these concerns, which are unique to the defendant, there are also concerns "regarding-the efficient *24 administration of justice. It would be wasteful of scarce judicial resources to empanel a new sentencing jury, apprise it of the facts of the underlying crime, hold a full hearing, instruct the jury about sentencing in a capital case and then allow it [to] deliberate and reach a decision, only to have the sentence rendered a nullity if the decision of the PCRA court regarding the guilt phase is reversed on appeal.
Re-sentencing the defendant before engaging in appellate review of the denial Of PCRA relief also results in piecemeal litigation, delay in the determination of guilt phase issues, and potential misuse of judicial resources if the new sentence is rendered moot by subsequent’disposition of the guilt phase issues. • For these reasons, the orderly administration of justice requires that review of the PCRA court’s decision- denying guilt phase relief should precede the imposition of a new sentence by the trial court.
Id. at 648.
I would interpret the Supreme Court’s decision in Bryant as applying only to capital petitioners. Notably, the Bryant Court explicitly stated that it was addressing “the correct procedure for a capital defendant to follow when the PCRA court grants his request for a new sentencing hearing, but denies his request for guilt-phase relief.” Bryant, 780 A.2d at 647 (emphasis- added); In both the Court’s statement of the issue, and in its analysis thereof, the Court repeatedly used terms attendant only to death-penalty cases, such a-s “guilt-phase issues,” “guilt-phase relief,” and “capital resentencing.” I presume that when the Supreme Court renders a decision, it chooses- its wording carefully and purposefully; therefore, the plain language of Bryant limits the holding therein to capital cases.
Moreover, in my view, certain policy considerations emphasized by the Bryant Court do not apply to (or at least do not weigh as heavily in favor of) requiring non-capital petitioners to appeal prior to resen-tencing. Namely, non-capital petitioners do not have to “endure’ the anxiety attendant to a capital resentencing procedure,” and resentencing in a non-capital case does not require all of the resources necessarily utilized in resentencing a capital defendant. Id. at 648. Furthermore, I believe that extending Bryant’s procedural rule to non-capital defendants will hamper “the orderly administration of justice.... ” Bryant, 780 A.2d at 648. For instance, I cannot disregard the waiver trap that will inevitably result from the Majority’s holding today, which requires a petitioner to file a notice of appeal from a hybrid order that denies his substantive claims, yet grants resentencing. A pro se petitioner, and attorneys inexperienced in the complexities of PCRA litigation, 'may reasonably presume that, as with a direct appeal, the petitioner must wait until after the court resentences him to file a notice of appeal. Such a presumption is logical when considering that if the petitioner files a notice of appeal prior to being resen-tenced, the lower court will lose jurisdiction and the petitioner’s resentencing will be stayed until after the appeal from the denial of his substantive, claims, which could take months, if not years.[3]
Additionally, deeming the order that re-sentences a PCRA petitioner as the final *25 order for purposes of appealing from both the denial of substantive claims and the resentencing prevents multiple appeals, which conserves the judicial, resources of this Court. Under the Majority’s holding, we will now be faced with the possibility of two appeals: oneffrom the PCRA court’s order denying the substantive claims, and another if- the petitioner chooses to challenge the new sentence.
The procedure mandated in Bryant is also not appropriate in non-capital cases because, unlike capital petitioners who necessarily will be resentenced to either life imprisonment, or the penalty of death, non-capital petitioners have no assurance of any certain sentence. Consequently, the Majority’s holding that requires non-capital petitioners to file an appeal from the denial of their substantive claims, prior to being resentenced, poses two significant problems. First, such a procedure could result in a petitioner’s serving unnecessary prison time if the disposition of their appeal from the denial of, their substantive claims takes longer than the new sentence ultimately imposed by the court.[4] Second, our legislature clearly stated in the PCRA that to be eligible for relief, a petitioner must plead and prove, inter alia, that he is “currently serving a sentence of imprisonment, probation or parole for the crime[.]” 42 Pa.'C.S. § 9543(a)(1)(i). A petitioner who is awaiting resentencing will not be able to meet this burden.
In sum, the considerations discussed herein compel me to conclude that the procedure mandated, in Bryant applies only to capital petitioners. Thus, I would hold that in non-capital cases, an appeal from a hybrid PCRA order that denies substantive claims, yet grants resentenc-ing, must be filed within 30 days of the order resentencing the petitioner, or within 30 days of an order deciding a timely-filed post-sentence motion. In that appeal, the petitioner would be permitted to challenge both the PCRA court’s denial of his substantive claims, as’ well as raise any issues regarding the new sentence imposed by the court.
In this case, Appellant’s notice of appeal was filed within 30 days of the PCRA court’s July 30, 2013 order granting his timely-filed post-sentence motion. Therefore, I would deem his appeal timely and conclude that we have jurisdiction to review the merits of this appeal; Because the Majority holds otherwise, I dissent.
President Judge GANTMAN and Judge SHOGAN join this dissenting opinion.

. Recidivism Risk Reduction Incentive Act (RRRI Act), 61 Pa.C.S. §§ 4501-4512.

. The Majority disagrees that the PCRA court resentenced Appellant, instead contending (without citation to any legal authority), that sentencing "is a trial court function, not a collateral proceeding function.” Majority Opinion at 17. From this premise, the Majority imagines a scenario where a defendant files a timely petition raising "one guilt-phase claim and one sentencing-phase claim.” Id. at 18. The PCRA court affords the defendant a "partial grant of relief” by awarding him a new trial, thereby "rendering the sentencing issue moot.” Id. The Majority opines that, "[ujnder Appellant’s proposed procedure, the Commonwealth would be required to wait to appeal this PCRA order until an order is imposed following the conclusion of the proceeding resulting from .the partial' grant of the relief ordered by the PCRA court, z.e., the completion of the new trial.” Id. (emphasis in original).
*23 I disagree with this hypothetical for two reasons. First and foremost, in this case, the PCRA court granted Appellant's sentencing claim and denied his substantive claims. In the Majority's hypothetical, however, the PCRA court ruled only on the merits of the ‘guilt-phase claim’ and issued no ruling on the moot sentencing issue. • Thus, the PCRA court’s order in the Majority’s hypothetical is not a ‘partial grant of relief’ — it is a total grant of relief. I cannot conceive of a scenár-io where a PCRA court’s grant of' a new trial would result in a truly ‘hybrid’ order, such as the order at issue in the present case. Accordingly, the Majority’s fear that ‘Appellant’s rule’ would apply to an order granting a new trial is unfounded. ‘ ■
Secondly, the Majority’s hypothetical is premised on jts unsupported declarations that sentencing is a trial court function, id. at 17, and “[tjhere is no functional difference between a grant of resentencing and the grant of a new trial, as they both would artificially end collateral review under Appellant's rule,” id. at 19. However, the Majority correctly (and contradictorily) acknowledges in a footnote that "[i]n appropriate circumstances, . a PCRA court may impose the new sentence....” Id. .at 18 n. 6; see also Commonwealth v. Bartrug, 732 A.2d 1287, 1289 (Pa.Super.1999) (recognizing that resentencing is not outside "the power or jurisdiction" of the PCRA court). In my view, when a PCRA coürt vacates an illegal sentence, that same court may also impose a new sentence. See Bartrug, supra: The , same is not true when a PCRA court orders a new trial; only a trial court may preside over a criminal trial. Therefore, where a PCRA court issues an order granting a new trial, it is clear that that order ends the post-conviction proceedings, and is final for purposes of appeal. The same is not definitively true for a PCRA court’s- order granting a petitioner’s challenge to the legality of his sentence and vacating his term of incarceration in anticipation that a new sentence will be shortly imposed. - '
For these reasons, I disagree with the Majority that 'Appellant's rule’ could apply to an order granting a petitioner a new trial. Such orders would remain ‘final’ and'immediately appealable even if we held today that hybrid orders (denying substantive claims and granting resentencing) are not appealable until the petitioner has been .resentenced.

. Avoiding waiver-of an appeal from the disposition of a petitioner’s timely, first PCRA petition is especially important in light of this Court's recent decision in Commonwealth v. Henkel, 90 A.3d 16 (Pa.Super.2014) (construing Pennsylvania Supreme Court precedent as holding that claims of ineffective assistance of post-conviction counsel may not be raised for the first time on appeal), and the general rule "that allegations of ineffective - assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.” Com *25 monwealth v. Wharton, 584 Pa. 576, 886 A.2d 1120, 1127 (2005) (citations omitted).

. A hypothetical demonstrates this point. A defendant files .a PCRA petition challenging the legality of his sentence and raising claims of ineffective assistance of counsel. The PCRA court grants his sentencing claim and schedules a resentencing hearing, but denies his ineffectiveness .assertions. Before being resentenced, the defendant files an appeal from the order denying his substantive claims and his resentencing hearing is. stayed as a result. While the defendant’s appeal is pending, he remains incarcerated. It takes one year for this Court to consider the appeal and affirm the PCRA court’s order denying the defendant’s petition. He then files a petition for permission" to appeal to our Supreme Court, which is denied after another three months pass. When the. lower court finally regains jurisdiction after 15 months, it resen-tences the defendant to a term of 6 to 12 months' incarceration. The petitioner is given credit for time served and is immediately released. However, he has been forced to . serve an unnecessary three months of incarceration, not to mention the time he served prior to and during the course of trial and the PCRA proceedings below.