J-A02024-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY HAIRSTON | : | |
| | : | |
| Appellant | : | No. 258 WDA 2017 |

Appeal from the PCRA Order July 15, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015261-2008

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                          FILED APRIL 06, 2018

Appellant, Gary Hairston, was convicted by a jury of possession of a controlled substance with intent to deliver (PWID) and possession of a controlled substance[1] on July 17, 2012. After unsuccessful direct appeals, Appellant obtained collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546 when the trial court ordered that he be resentenced. Pursuant to that order, the court, on July 15, 2016, directed that Appellant serve five to 15 years of imprisonment for his convictions and denied his remaining claims for collateral relief.[2] In this appeal, Appellant

_____

[1] 35 P.S. §§ 780–113(a)(30) and 780–113(a)(16), respectively.

[2] Although we use both the terms "trial court" and "PCRA court" throughout this memorandum, the same judge presided over Appellant's trial and PCRA review.

challenges the court's determinations in its July 15, 2016 order. After careful consideration, we affirm Appellant's judgment of sentence, as well as the denial of Appellant's claims for collateral relief.

We briefly summarize the facts and procedural history of this case as follows. On July 17, 2012, a jury convicted Appellant of the aforementioned crimes.[3] On October 4, 2012, the trial court sentenced Appellant to five to 15 years' incarceration for his PWID conviction. No further penalty was imposed on Appellant's simple possession charge. We affirmed Appellant's judgment of sentence in an unpublished memorandum on June 20, 2014. Thereafter, on April 16, 2014, Appellant filed a PCRA petition. The PCRA court conducted a hearing and, ultimately, granted Appellant relief on an illegal sentencing claim pursuant to Alleyne v. United States, 133 S.Ct. 2151 (2013). On July 15, 2016, the trial court resentenced Appellant, without considering a mandatory sentence deemed illegal under Alleyne, to the same five-to-15-year term of incarceration. At the time of resentencing, the PCRA court also denied Appellant's remaining PCRA claims. Appellant filed a timely post-sentence motion on July 25, 2016. The trial court granted Appellant's subsequent request to file a supplemental post-sentence motion upon receipt of applicable transcripts. Appellant filed a timely supplemental

_____

[3] This was Appellant's second trial. The first trial resulted in a mistrial following a hung jury.

post-sentence motion on January 9, 2017. The trial court denied relief by order entered on January 11, 2017. This timely appeal resulted.[4]

Appellant's issues challenge the discretionary aspects of his new sentence, as well as the ineffective assistance of trial counsel. Absent extraordinary circumstances, in a conventional direct appeal from the judgment of sentence, claims of ineffective assistance of counsel are to be deferred to PCRA review. See Commonwealth v. Murray, 174 A.3d 1147, 1153 (Pa. Super. 2017). Also currently on appeal, Appellant challenges the order denying him collateral relief and ordinarily could not raise discretionary sentencing claims on collateral review. Thus, we have a hybrid appeal and must first determine what claims may be considered. This Court has previously determined that we have jurisdiction to review both the resentencing claim and the underlying allegations of trial counsel ineffectiveness. See Commonwealth v. Grove, 170 A.3d 1127, 1138 (Pa. Super. 2017) (PCRA court's order granting relief with regard to sentencing and denying all of the petitioner's other collateral claims was a final appealable order), citing Commonwealth v. Watley, 153 A.3d 1034 (Pa.

_____

[4] Appellant filed a notice of appeal on February 8, 2017. On February 10, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 1, 2017, the trial court granted Appellant a requested extension to file his Rule 1925(b) statement. Thereafter, Appellant filed a timely Rule 1925(b) statement. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on June 8, 2017.

Super. 2016), Commonwealth v. Gaines, 127 A.3d 15 (Pa. Super. 2015) (en banc), and Commonwealth v. Bryant, 780 A.2d 646 (Pa. 2001); see also Commonwealth v. McKeever, 947 A.2d 782, 786 (Pa. Super. 2008) (citation omitted) (grant of PCRA relief in first PCRA petition does not "reset clock" of finality of judgment of sentence; "clock" is reset only where direct appeal rights are restored or original conviction is disturbed).

We examine Appellant's ineffective assistance of trial counsel claim first. Appellant alleges that "[t]rial [c]ounsel was ineffective for failing to properly advise [him] of the permissive range of sentences he could receive for charges pursuant to 35 Pa.C.S.A. § 780-113[(a)(30)]." Id. at 8. In sum, Appellant avers:

> [Appellant] was not properly advised of the maximum range of sentences he could possibly face if convicted. As such, he did not have the appropriate information to make an informed decision regarding any potential plea agreements. If [Appellant] had been aware of the increased punishments, he could have opted to enter a negotiated plea. There is no reasonable strategy that supports [t]rial [c]ounsel's inaction.

Id. at 9.[5]

_____

[5] Appellant also claims that trial counsel was ineffective for failing to: (1) raise an allegation of prosecutorial misconduct when questioning a witness at trial; (2) file a motion in limine to exclude evidence of his witness' prior conviction from trial or object during questioning; and (3) take exception and reserve his objection regarding a jury instruction on prior inconsistent statements. See Appellant's Brief at 10-13. However, Appellant did not raise these issues in his concise statement of errors complained of on appeal and, therefore, the issues are waived. See Commonwealth v. Snyder, 870 A.2d 336, 341 (Pa. Super. 2005).

Our standard of review is well-settled:

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

\*            \*            \*

In order to obtain relief based on an ineffective assistance of counsel claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

Commonwealth v. Steckley, 128 A.3d 826, 831 (Pa. Super. 2015) (internal citations, quotations, and brackets omitted).

The United States Supreme Court has explained that a post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a plea agreement must demonstrate prejudice:

[B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of

intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Steckley, 128 A.3d at 832, citing Lafler v. Cooper, 132 S. Ct. 1376 (2012).

Here, Appellant presented the testimony of trial counsel and the assistant district attorney who represented the Commonwealth at trial. Appellant did not testify. Trial counsel vaguely alluded to a plea deal with the Commonwealth, but could not recall any specifics. N.T., 6/17/2016, at 10, 28. More specifically, trial counsel claimed that "it could have been a [four] to [eight] year" offer, but he did not "have any recollection." Id. at 28. Trial counsel testified that he never discussed the range of sentences Appellant faced. Id. at 10. However, he did review the mandatory sentencing statute in existence at the time with Appellant. Id. at 28-29. Trial counsel also admitted that the assistant district attorney gave him the sentencing guidelines prior to trial, but he could not recall showing them to Appellant. Id. at 38. Trial counsel suggested that Appellant "would have to tell" whether he received them. Id. at 40. However, trial counsel also testified that he looks at the sentencing guidelines "in every single case" and recognized that the guidelines contain the statutory maximum. Id. at 41.

The assistant district attorney, representing the Commonwealth at Appellant's trial, testified that he did not have "a specific recollection" that a plea deal had been offered. N.T., 7/15/2016, at 54, 57. If an offer had

been made, the assistant district attorney testified that his general practice would have been to offer, "one year below the mandatory minimum that was in existence at that time, and the cap would have been what the maximum on the mandatory would have been." Id. "[T]here was no offer made that was better than four to ten years [of imprisonment]." Id. at 59. The assistant district attorney further testified that it was his practice to allow a plea offer to remain open until the litigation of a defendant's pretrial motions. Id. at 50-51. In this case, once Appellant's motion to suppress was denied, any potential plea negotiations were withdrawn. Id. at 51-53. The Commonwealth did not extend any other plea offers thereafter. Id. at 52. Further, the assistant district attorney testified that he provided the applicable sentencing guidelines to trial counsel at the pretrial conference. Id. at 54.

The PCRA court determined that there was no merit to Appellant's ineffective assistance of counsel claim. Upon review, we agree. While trial counsel initially testified that he was certain that he did not review the range of sentences Appellant potentially faced, he also testified that he goes over the sentencing guidelines with every defendant he represents and conceded that he received the sentencing guidelines applicable to Appellant in this case. The assistant district attorney confirmed that he gave trial counsel the applicable sentencing guidelines. The PCRA court further noted that Appellant did not testify at the PCRA hearing and "failed to produce any further evidence in support of his claim." Trial Court Opinion, 6/8/2017, at

- 7 -

4. Thus, the only evidence presented was that trial counsel may or may not have given Appellant the guidelines. More specifically, the PCRA court found trial counsel's "testimony was neither persuasive no[r] internally inconsistent." Id. As such, the PCRA court "determined that Appellant failed to meet his evidentiary burden and [] dismissed this claim." Id.

We discern no abuse of discretion or error of law. Applying governing principles, we cannot conclude that Appellant was entitled to relief. There was no testimony from Appellant, so there was no evidence of his decision-making process or direct testimony that he did not receive the sentencing guidelines. Thus, he did not show that there was arguable merit to his claim. Moreover, Appellant failed to prove that there was a reasonable probability that a plea offer would have been presented to, or accepted by, the court. Neither trial counsel nor the Commonwealth could recall a specific plea offer. If there were a plea deal, it was extended to Appellant at the beginning of his first trial, which resulted in a hung jury and no sentence. Therefore, under Steckley, there was no prejudice to Appellant. There was no plea offer extended to Appellant during the second trial, so there was no agreement for counsel to convey to Appellant and no prejudice arising from failure to convey potential maximum punishments. For all of the foregoing reasons, Appellant's ineffective assistance of counsel claim fails.

Next, Appellant argues that the trial court abused its discretion by sentencing Appellant to an aggravated range sentence. Appellant's Brief at 16. He claims, the trial court "improperly sentenced [him] by including

aggravating factors related to his prior records score, despite the prior record score already being a factor the guidelines take into account." Id.

Such a claim implicates the trial court's discretion to impose sentence. See Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006) (challenge to the trial court's discretion in imposing an aggravated range sentence). "A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." Commonwealth v. Griffin, 149 A.3d 349, 353 (Pa. Super. 2016) (citation omitted). Instead, an appellant must satisfy a four-part test to invoke this Court's jurisdiction. Id. As part of that test, "an appellant must include in his or her [appellate] brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code." Id. (citation omitted); see also Pa.R.A.P. 2119(f). "If the Commonwealth objects to the appellant's failure to comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review." Griffin, 149 A.3d at 353. Here, the Commonwealth has objected to Appellant's failure to include a separate Rule 2119(f) statement in his appellate brief. See Commonwealth's Brief at 17. Thus, Appellant's sentencing issue is waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   4/6/2018