**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| ALEXEI SEMIONOV | : : | |
| Appellant | : : | No. 1553 MDA 2017 |

Appeal from the Order June 23, 2017
in the Court of Common Pleas of Centre County
Criminal Division at Nos.:  CP-14-CR-0000470-2010
CP-14-CR-0001125-2010
CP-14-CR-0001126-2010
CP-14-CR-0001127-2010
CP-14-CR-0001129-2010
CP-14-CR-0001130-2010
CP-14-CR-0001131-2010
CP-14-CR-0001132-2010
CP-14-CR-0001133-2010
CP-14-CR-0001134-2010
CP-14-CR-0001135-2010
CP-14-CR-0001136-2010

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                          **FILED MAY 30, 2018**

Appellant, Alexei Semionov, appeals from the order of June 23, 2017, that denied, following a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   On appeal, Appellant claims he received ineffective assistance of counsel.  For the reasons discussed below, we quash.

_____

*   Retired Senior Judge assigned to the Superior Court.

We take the underlying facts and procedural history in this matter from this Court's opinion on direct appeal and the PCRA court's June 23, 2017 opinion and order.

> Appellant, Alexei Semionov, appeals from the June 8, 2012 amended, aggregate judgment of sentence of 35 years and one-month to 70 years and two-months' imprisonment, imposed after he pled guilty to firearms not to be carried without a license, resisting arrest, criminal attempt (burglary), criminal conspiracy (to commit criminal mischief), and multiple counts each of burglary, robbery, theft by unlawful taking or disposition, theft from a motor vehicle, receiving stolen property, simple assault, recklessly endangering another person (REAP), criminal mischief, criminal attempt (robbery), and criminal conspiracy (to commit robbery, theft by unlawful taking or disposition, and burglary). After careful review, we affirm the judgment of sentence.

> The trial court summarized the relevant facts and procedural history of this case as follows.

>> In spring 2010, [Appellant] was charged with multiple criminal complaints, encompassing numerous charges of various crimes including robbery, burglary, and related offenses. Three co-defendants, [Anatoliy V. Veretnov (Veretnov), Maksim Illarionov (Illarionov), and Dmitriy Litvinov Litvinov),] were charged with similar crimes arising out of the same activities, and all four defendants' cases were consolidated. Before this consolidated case was scheduled for trial, [Appellant] decided to cooperate with the Commonwealth. In connection with this decision, he made a detailed, taped statement to the police in May 2010 that incriminated himself and his three co-defendants. A few weeks before trial, however, [Appellant] decided to withdraw his cooperation and instead continue to trial. In fact, in a pre-trial hearing held on February 2, 2011, [Appellant] testified under oath that his May 2010 statement to the police was "not true" and "inaccurate."

On February 9, 2011, the consolidated trial of the four co-defendants began. After three days of trial, [Appellant] decided to enter a guilty plea. On February 14, 2011, [Appellant] pled guilty to all charges except one, in an open plea. A signed, attached written [a]ddendum to the written guilty plea colloquy states that [Appellant] agrees he may not withdraw his guilty plea unless the [trial c]ourt does not accept the plea. During the guilty plea hearing on February 14, 2011, Attorney [James] Bryant ([Appellant's] then counsel) and District Attorney Parks–Miller both stated on the record that [Appellant] could not withdraw his guilty plea in the future. Attorney Bryant stated that his client understood the guilty plea was "set in cement." Several months later, at a separate firearm trial for one of the three co-defendants, [Appellant] refused to testify against the co-defendant. [Appellant] then verbally indicated his intent to fire his attorney and withdraw his guilty plea.

Attorney Bryant was released from representing [Appellant] on December 1, 2011, and [Appellant] filed a *pro se* [m]otion to [w]ithdraw [g]uilty [p]lea on December 2, 2011. On December 9, 2011, Attorney Lance T. Marshall entered his appearance on behalf of [Appellant]. In an [o]pinion and [o]rder dated February 2, 2012, th[e trial c]ourt denied [Appellant]'s [m]otion to [w]ithdraw [g]uilty [p]lea, and on February 21, 2012, [Appellant] was sentenced to a period of incarceration of 36 years and one month to 72 years and two months['] in a state correctional institute.

[(]Trial Court Opinion and Order, 5/15/12, at 1–3 (heading omitted; internal quotation marks in original)[)].

On March 2, 2012, Appellant filed a timely post-sentence motion wherein he sought the withdrawal of his guilty plea and/or a modification of his sentence. In said motion, Appellant also raised multiple claims of ineffective assistance of trial counsel pursuant to the [PCRA], but later acknowledged that these ineffectiveness claims were improperly raised and should be dismissed without prejudice. On May 4, 2012, the trial court held a hearing on Appellant's post-sentence motion. Following said

- 3 -

hearing, the trial court granted Appellant's post-sentence motion in part and denied it in part by opinion and order dated May 15, 2012. Thereafter, on June 8, 2012, the trial court resentenced Appellant on docket numbers CP–14–CR–1132–2010, CP–14–CR–1133–2010, and CP–14–CR–1135–2010. As noted, Appellant was sentenced to an aggregate term of 35 years and one-month to 70 years and two-months' imprisonment. . . .

(**Commonwealth v. Semionov**, 2013 WL 11253453, at \*\*1-2 (Pa. Super. filed Sep. 10, 2013) (unpublished memorandum) (footnotes and record citations omitted)).

On September 10, 2013, this Court affirmed the judgment of sentence. (**See id.** at \*1). On February 27, 2014, the Pennsylvania Supreme Court denied leave to appeal. (**See Commonwealth v. Semionov**, 87 A.3d 319 (Pa. 2014)).

On November 4, 2014, Appellant filed the instant, timely PCRA petition. The PCRA court subsequently appointed counsel. After seeking leave and receiving permission from the PCRA court, counsel filed a first amended PCRA petition on August 24, 2015, and a second amended PCRA petition on February 5, 2016. The first amended PCRA petition raised a variety of claims concerning ineffective assistance of counsel, while the second amended PCRA petition raised a single illegality of sentence claim pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013).

An evidentiary hearing took place on August 5, 2016. On June 23, 2017, the PCRA court issued an opinion and order. The court denied Appellant's first amended PCRA petition, but granted petitioner's second amended PCRA

petition and scheduled a resentencing hearing for July 25, 2017. Following some delays, the trial court resentenced Appellant on August 24, 2017.[1] On October 6, 2017, Appellant filed a notice of appeal.[2]

On November 27, 2017, this Court issued a rule to show cause as to why the appeal should not be dismissed as untimely. Appellant filed a response on December 4, 2017. On December 29, 2017, this Court discharged the rule to show cause and referred the issue of the timeliness of the appeal to this panel.

On appeal, Appellant raises the following issue for our review:

> 1) Was [Appellant's] counsel(s) ineffective for allowing the acceptance of an involuntary guilty plea; failing to inform him of the deportation consequences; and failing to raise mitigating factors at sentencing?

(Appellant's Brief, at 4).

Appellant appeals from the denial of his first PCRA petition. It is long settled that "[o]ur standard of review from the grant or denial of post-

---

[1] We note that the resentencing hearing is not listed on the docket and no resentencing order appears in the certified record. In its brief, the Commonwealth states that resentencing took place on August 24, 2017. (**See** the Commonwealth's Brief, at 9). Appellant purports to appeal from an order dated September 6, 2017, presumably the resentencing order, but there is no order dated September 6, 2017, listed in the docket and, as stated above, there is no resentencing order in the certified record.

[2] Appellant complied with the dictates of Pennsylvania Rule of Appellate Procedure 1925(b). **See** Pa.R.A.P. 1925(b). On November 2, 2017, the PCRA court issued an opinion in response to matters complained of on appeal referencing his June 23, 2017 opinion and order. **See** Pa.R.A.P. 1925(a).

conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citations omitted). "The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Duffey*, 889 A.2d 56, 61 (Pa. 2005) (citation omitted). Further, to be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in Section 9543(a)(2). *See* 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

Prior to addressing the merits of Appellant's claims, we must first decide if the appeal is properly before us. The Commonwealth argues that we should quash this appeal as untimely filed. (*See* Commonwealth's Brief, at 13-16). We agree.

It is settled law that a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a). A party must file the notice of appeal with the clerk of the trial court; "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). We strictly construe time limitations for taking appeals and cannot extend them as a matter of grace. *See Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007). This Court can raise the timeliness of an appeal *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. *See id.* We have no jurisdiction to entertain an untimely appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 497-98 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008). Generally, an appellate court may not enlarge the time for filing a notice of appeal. *See* Pa.R.A.P. 105(b). We permit extension of the appeal-filing period only in extraordinary circumstances, such as fraud or some breakdown in the court's operation. *See Commonwealth v. Braykovich*, 664 A.2d 133, 136 (Pa. Super. 1995), *appeal denied*, 675 A.2d 1242 (Pa. 1996).

In the instant matter, on June 23, 2017, the trial court issued an opinion and order denying Appellant's first amended PCRA petition, which contained the ineffective assistance of counsel claims raised in this appeal, (*see* First Amended PCRA Petition, 8/24/15, at 3-8), but granted his second amended

PCRA petition, which contained solely the illegality of sentence claim (*see* Second Amended PCRA Petition, 2/05/16, at 2). Appellant did not file his notice of appeal until October 6, 2017, after resentencing, and nearly four months after the PCRA court denied his PCRA petition. This appeal does not raise any claims with respect to the resentencing.

In a recent opinion, this Court discussed whether a PCRA petition that granted a new resentencing hearing but denied all other PCRA claims was a final appealable order. In *Commonwealth v. Grove*, 170 A.3d 1127 (Pa. Super. 2017), as in the instant matter, the PCRA court issued an order which denied relief on the majority of the petitioner's claims but granted resentencing. *See Grove*, *supra* at 1134. The petitioner immediately appealed from the portion of the order that denied relief. *See id.* at 1135. On appeal, relying on the Pennsylvania Supreme Court's decision in *Commonwealth v. Bryant*, 780 A.2d 646 (Pa. 2001), we held that a PCRA order which both denies claims for relief but grants a new sentencing hearing is a final appealable order. *See id.* at 1138; *see also Bryant*, *supra* at 647-48 (holding that in capital case an order dismissing all claims but granting resentencing is final appealable order and failing to appeal that order within thirty days would result in waiver); *Commonwealth v. Watley*, 153 A.3d 1034, 1039 n.3 (Pa. Super. 2016), *appeal denied*, 169 A.3d 574 (Pa. 2017) (holding that order directing resentencing pursuant to *Alleyne*, *supra*, but denying PCRA relief on all other issues was final appealable order).

Here, as in **Groves** and **Watley**, the PCRA court denied all of Appellant's claims but the illegality of sentence claim. Accordingly, we hold that the June 23, 2017 order was a final appealable order. **See Bryant**, **supra** at 647-48; **Groves**, **supra** at 1138, and **Watley**, **supra** at 1039 n.3. Therefore, Appellant was required to file a notice of appeal within thirty days of the date of that order; because he did not do so, the appeal is untimely. **See** Pa.R.A.P. 903(a).

Moreover, the record contains no evidence of extraordinary circumstances such as a court holiday or closing, or a breakdown in the operations of the court, to excuse Appellant's untimely filing. **See Braykovich**, **supra** at 136 (stating extension of appeal filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in court's operation). Therefore, Appellant's failure to file the notice of appeal within thirty days of the June 23, 2017 order denying his PCRA petition divested this Court of appellate jurisdiction. **See** Pa.R.A.P. 903(a); **Patterson**, **supra** at 497-98. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/30/18