**[J-57-2020] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 778 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | March 20, 2019 in the Court of |
| | : | Common Pleas, Philadelphia |
| v. | : | County, Criminal Division at No. CP- |
| | : | 51-CR-1036271-1992. |
| | : | |
| MELVIN SPEIGHT, | : | SUBMITTED:  May 29, 2020 |
| | : | |
| Appellant | : | |

**CONCURRING OPINION**

**JUSTICE TODD**                                                  **DECIDED:  April 29, 2021**

I agree with the majority that the order of the trial court in this matter must be vacated.  The federal district court, under 28 U.S.C. § 2254, granted Appellant's petition for a writ of *habeas corpus* with respect to his death sentence, and the trial court was bound to respect that determination regardless of its own evaluation of the merits of the district court's conclusion.  *See Washington v. Washington State Commercial Passenger Fishing Vessel Association*, 443 U.S. 658, 695-96 (1979) ("The federal court unquestionably has the power to enter the various orders . . . and even to displace local enforcement of those orders if necessary to remedy the violations of federal law found by the court.  Even if those orders may have been erroneous in some respects, all parties have an unequivocal obligation to obey them while they remain in effect." (citations omitted)).  Accordingly, the majority properly vacates and remands for resentencing.

However, on the jurisdictional question, unlike the majority, I do not view the trial court's response to the district court's grant of the writ of *habeas corpus* as having "effectively re-imposed a sentence of death on appellant."  Majority Opinion at 16.  As the

majority recounts, in *Commonwealth v. Lesko*, 15 A.3d 345 (Pa. 2011), our Court recognized that, in granting a writ of *habeas corpus*, a federal court enforces an individual's right of personal liberty, and, where an individual is being held pursuant to a state criminal sentence that contravenes federal law, the final implementation of the writ is generally conditional in nature. *Id.* at 364. The issuance of the writ therefore gives the state the opportunity to correct the aspect of the sentence which violates federal law, and, if the state does not do so, the individual being illegally held is released pursuant to the writ, as his or her continued confinement would violate federal law.[1] *Id.* In this fashion, the federal district court does not itself alter the state judgment, but merely gives the state an opportunity to do so. *Id.* Herein, then, under *Lesko*, Appellant's death sentence remained extant, albeit with the specter of a federal release looming unless and until the Commonwealth addressed the grant of *habeas* relief. Under that view, our jurisdiction over Appellant's appeal was secure.

Nevertheless, I do not think we need to precisely characterize the trial court's order for purposes of assessing our jurisdiction herein. Whether in the majority's view the trial court "re-imposed" Appellant's death sentence, or whether his death sentence "stands" as deemed by the trial court, Trial Court Order, 3/20/19, at 2, manifestly, there remained doubt by the parties regarding the death character of his sentence.

As highlighted by the majority, *see* Majority Opinion at 16 n.6, we have deemed our jurisdiction over death sentences to be of the broadest scope and to encompass

---

[1] Indeed, upon a finding that the imposition of a state death sentence violates federal law, the remedy is for the federal district court to issue a writ of *habeas corpus* under which state has only two options: correct the federal error in the death sentence, or vacate the sentence and impose a lesser sentence which does not violate federal law. *See Richmond v. Lewis*, 506 U.S. 40 (1992); *see also Magwood v. Patterson,* 561 U.S. 320, 332 (2010) (upon a district court's granting of a writ of *habeas corpus*, "the State may seek a *new* judgment (through a new trial or a new sentencing proceeding)" (emphasis original)).

situations where an order of the trial court did not conclusively vacate a death sentence because the order was challenged on appeal. *See*, *e.g.*, *Commonwealth v. Cooper*, 941 A.2d 655 (Pa. 2007) (exercising jurisdiction over direct appeal by Commonwealth from trial court order vacating death sentence and granting new penalty phase hearing); *Commonwealth v. Bryant*, 780 A.2d 646 (Pa. 2001) (exercising jurisdiction over Commonwealth appeal of an order of the trial court vacating a death sentence under the Post Conviction Relief Act).

In my view, our appellate jurisdiction extends to unusual situations such as presented in the instant case where there is doubt regarding the legal effect of a trial court's order concerning a death sentence. Section 722(4) of the Judicial Code gives this Court exclusive jurisdiction over "sentences as provided by 42 Pa.C.S. §§ 9546(d) (relating to relief and order) and 9711(h) (relating to review of death sentence)." 42 Pa.C.S. § 722(4). Section 9711(h)(1) provides that "[a] sentence of death shall be subject to automatic review by the Supreme Court of Pennsylvania pursuant to its rules." 42 Pa.C.S. § 9711(h)(1). As our Court has recognized, the General Assembly's fundamental purpose in assigning exclusive review of all appeals involving the death penalty to this Court is to "assur[e] the integrity of the capital sentencing process." *Commonwealth v. Graham*, 661 A.2d 1367, 1369 n.1 (Pa. 1995); *see also Commonwealth v. Appel*, 539 A.2d 780, 781 (Pa. 1988) (review by our Court of capital sentences "ensure[s] that the sentences imposed comport with the requirements of our death penalty statute and may be legitimately executed"). These statutory provisions confer on our Court exclusive jurisdiction over an appeal from a trial court order which involves the validity of a sentence of death, and additionally, in my view, over an order for which there is uncertainty about whether a sentence of death has been imposed. Accordingly, I conclude our Court had jurisdiction to review the trial court's order in this matter.

For these reasons, I concur in the majority's grant of relief.