J-S41035-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE RICHARD MCCOLLUM, JR., | : | |
| | : | |
| Appellant | : | No. 1889 MDA 2019 |

Appeal from the PCRA Order Entered April 3, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005177-2011

BEFORE:    KUNSELMAN, J., McLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED DECEMBER 29, 2020**

Steve Richard McCollum, Jr., (Appellant) appeals *pro se* from the April 3, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] Upon review, we quash.

We provide the following background. On December 18, 2012, Appellant was convicted by a jury of attempted murder, aggravated assault, possession of a firearm prohibited, and carrying a firearm without a license, and sentenced to an aggregate term of 20 to 40 years of incarceration.[2] Appellant filed post-sentence motions, which the trial court denied. On direct

---

[1] Appellant also purports to appeal from the August 23, 2019 order dismissing his January 4, 2019 PCRA petition. As we explain *infra*, that petition and order are nullities.

[2] This Court previously provided a detailed recitation of the conduct underlying the charges. **See Commonwealth v. McCollum**, 97 A.3d 806 (Pa. Super. 2014) (unpublished memorandum at 1-3).

*Retired Senior Judge assigned to the Superior Court.

appeal, this Court affirmed Appellant's judgment of sentence, and on July 30, 2014, our Supreme Court denied his petition for allowance of appeal. **McCollum**, 97 A.3d 806, *appeal denied*, 96 A.3d 1026 (Pa. 2014).

On June 24, 2015, Appellant timely filed *pro se* his first PCRA petition. Of relevance to the instant appeal, Appellant claimed, *inter alia*, that trial counsel rendered ineffective assistance by advising him not to testify. Counsel was appointed and ultimately filed a **Turner/Finley**[3] no-merit letter and accompanying request to withdraw.

> On December 7, 2016, the PCRA court permitted counsel to withdraw and issued its Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition, advising Appellant that he had 20 days to respond. Appellant did not receive the notice to dismiss until December 29, 2016 - beyond the allotted 20–day response window. On January 1, 2017, Appellant filed a motion for extension of time to file objections to the Rule 907 notice. On January 11, 2017, the PCRA court dismissed Appellant's PCRA petition without a hearing. On January 17, 2017, the court issued an order denying Appellant's request for an extension to respond to its Rule 907 notice, noting that "Petitioner was given 20 days from [December 7, 2016] to file a response [and] [a]s neither a response nor a request for extension was received within that timeframe, th[e PCRA c]ourt dismissed the PCRA Petition by Order dated January 11, 2017." Order, 1/19/[20]17.

**Commonwealth v. McCollum**, 183 A.3d 1041 (Pa. Super. 2018) (unpublished memorandum at 3-4) (party designations altered; footnote omitted).

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant *pro se* filed a notice of appeal to this Court. Upon review, we reversed the order dismissing Appellant's PCRA petition, finding that

> we cannot deem Appellant's decision not to testify as either knowing or intelligent where counsel allegedly advised Appellant not to testify based on the incorrect belief that the Commonwealth would impeach him on his prior non-*crimen falsi* convictions. Additionally, we recognize that the PCRA court applied the incorrect standard in assessing this claim. The proper inquiry is not whether Appellant's testimony would have changed the outcome of his trial, but, rather, whether the result of the waiver proceeding would have been different absent counsel's ineffectiveness.
>
> Because Appellant's petition was dismissed without a hearing, we do not have the benefit of counsel's testimony explaining why, in fact, he advised Appellant not to testify. Under such circumstances, the PCRA court erred in dismissing Appellant's petition without a hearing where there was a genuine issue of material fact that may entitle him to relief. [7]
>
> _____
> [7] Having concluded that the court improperly dismissed Appellant's petition without a hearing, we also find that dismissing his petition without first giving Appellant the opportunity to respond to the court's Rule 907 notice was erroneous and that permitting counsel to withdraw pursuant to **Turner**/**Finley** was likewise improper.
>
> Accordingly, we remand for the appointment of PCRA counsel, **see** Pa.R.Crim.P. 904(C), and a hearing on Appellant's claim. If, after the hearing, the PCRA court concludes that counsel's decision was not reasonable and that he was ineffective in advising Appellant not to testify at trial, a new trial shall be ordered. If, however, the PCRA court concludes that counsel was not ineffective for advising Appellant to not testify, then it shall dismiss his petition.

**Id.** (unpublished memorandum at 7-9) (party designations altered; some citations and footnotes omitted). We found Appellant's remaining PCRA claims meritless. **Id.** (unpublished memorandum at 9 n.9).

On remand, in accordance with our directive, the PCRA court appointed counsel to represent Appellant at a scheduled PCRA hearing solely on the question of whether trial counsel rendered ineffective assistance in advising Appellant not to testify.[4] The hearing was held on November 18, 2018, during which the PCRA court heard testimony from Appellant and trial counsel.

In the meantime, on November 16, 2018, counsel filed a motion to amend Appellant's PCRA petition to include a claim of after-discovered evidence. On December 5, 2018, the PCRA court granted the motion, and on January 4, 2019, Appellant filed an amended PCRA petition.

On April 3, 2019, in accordance with our limited remand, the PCRA court dismissed Appellant's June 24, 2015 PCRA petition because it found counsel was not ineffective in advising Appellant to refrain from testifying. PCRA Court Order, 4/3/2019. Within the order, the PCRA court advised Appellant that he had the right to appeal within 30 days, and clarified that the order did not dispose of the January 4, 2019 amended PCRA petition. *Id.* at 2 & n.2 (unnumbered). Appellant did not file a notice of appeal from that order.

On June 18, 2019, the PCRA court held a hearing on the after-discovered evidence claim raised in Appellant's amended PCRA petition. On

---

[4] Appellant retained private counsel in September 2018.

August 23, 2019, the PCRA court dismissed that petition and advised Appellant that he had 30 days to appeal from that order.

On September 23, 2019, Appellant *pro se* filed a notice of appeal from the April 3, 2019 and August 23, 2019 orders.[5] Because Appellant erroneously filed his notice with this Court, we forwarded it to the PCRA court for docketing. **See** Pa. R.A.P. 905(a)(4) (explaining the procedure for a notice of appeal mistakenly filed in an appellate court). Instead of docketing the notice of appeal, the PCRA court forwarded it to counsel. On September 24, 2019, counsel filed a motion to withdraw and request for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). On October 25, 2019, following a video-conference hearing, the PCRA court found Appellant's decision to proceed *pro se* voluntary, knowing, and intelligent, and granted counsel's motion to withdraw.

In November 2019, Appellant inquired with the PCRA court about the status of his appeal. In response, the PCRA court reinstated Appellant's PCRA appeal rights *nunc pro tunc*. PCRA Court Order, 11/15/2019. Despite this order for Appellant to file a new notice of appeal, the PCRA court then

---

[5] While "*pro se* filings submitted by counseled defendants are generally treated as legal nullities[,]" **Commonwealth v. Muhammed**, 219 A.3d 1207, 1210 (Pa. Super. 2019) (citation omitted), this Court must docket *pro se* notices of appeal, even when the defendant is represented by counsel. **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016).

docketed the September 23, 2019 notice, which was ultimately docketed in this Court at the instant appeal.[6]

Appellant filed a second notice of appeal from the April 3, 2019 and August 23, 2019 orders in response to the PCRA court's November 15, 2019 order. The PCRA court docketed that notice of appeal on December 5, 2019, and it was docketed in this Court at No. 1963 MDA 2019. Thereafter, this Court issued a *per curiam* order directing Appellant to show cause why the appeal should not be quashed as, *inter alia*, duplicative of the instant appeal. Appellant filed a response, and on March 5, 2020, this Court dismissed the appeal at No. 1963 MDA 2019 as duplicative of the instant appeal.

Regarding the instant appeal, this Court issued a *per curiam* order directing Appellant to show cause why the appeal should not be quashed as untimely filed and filed in violation of Pa.R.A.P. 341.[7] Appellant responded, and this Court discharged the rule to show cause and deferred the issues to the merits panel for disposition. On appeal, Appellant challenges the PCRA court's dismissal of (1) his ineffective assistance of counsel claim on remand,

---

[6] Appellant complied with Pa.R.A.P. 1925(b). In lieu of filing a Pa.R.A.P. 1925(a) opinion, the PCRA court referred us to its August 23, 2019 opinion.

[7] "'Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed.' Pa.R.A.P. 341, Official Note." ***Commonwealth v. Walker***, 185 A.3d 969, 976 (Pa. 2018) (holding that in future cases, pursuant to the Official Note to Rule 341, separate notices of appeal must be filed and failure to do so will result in quashal).

and (2) his after-discovered evidence claim set forth in the amended petition.

At the outset, we note that our review is limited by our 2018 remand. In that regard, we are guided by our Supreme Court's decision in *Commonwealth v. Sepulveda*, 144 A.3d 1270 (Pa. 2016).

> Rule 905(A) gives the PCRA court discretion to "grant leave to amend or withdraw a petition for [PCRA] relief at any time," and states that "[a]mendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). Rule 905(A) was created "to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." *Commonwealth v. McGill*, 832 A.2d 1014, 1024 (Pa. 2003) (citing *Commonwealth v. Williams*, 782 A.2d 517, 526-27 (Pa. 2001)).
>
> Once the PCRA court renders a decision on a PCRA petition, however, that matter is concluded before the PCRA court, having been fully adjudicated by that court, and the order generated is a final order that is appealable by the losing party. *See* Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."); *Commonwealth v. Bryant*, 780 A.2d 646, 648 (Pa. 2001). Although liberal amendment of a PCRA petition is, in some circumstances, permitted beyond the one-year timeframe, Rule 905(A) cannot be construed as permitting the rejuvenation of a PCRA petition that has been fully adjudicated by the PCRA court. We have consistently held that in the absence of permission from this Court, a PCRA petitioner is not entitled to raise new claims following our remand for further PCRA proceedings.
>
> Our mandate in [the prior appeal] did not bestow upon the PCRA court jurisdiction over the entirety of the PCRA petition. Following our complete review on appeal from the denial of PCRA relief, we winnowed down the issues raised by Sepulveda to one identifiable subpart of one claim, which we ordered the PCRA court to consider in "proceedings upon **limited remand**."

*Commonwealth v. Sepulveda*, 55 A.3d 1108, 1151 (Pa. 2012) (emphasis added). Absent an order specifying otherwise, to construe Rule 905(A) as authorizing expansion of a case after thorough appellate review renders an absurd result. *See* 1 Pa.C.S. § 1922(1) (in ascertaining the intent of this Court in enacting a procedural rule, we must presume that the result was not intended to be "absurd, impossible of execution or unreasonable").

Moreover, Rule 905(A) cannot be read or interpreted in a vacuum. Pennsylvania Rule of Appellate Procedure 2591 specifically addresses a lower court's authority on remand. It provides that upon remand from a higher court, the lower court "shall proceed in accordance with the judgment or other order of the appellate court[.]" Pa.R.A.P. 2591.[19] Consequently, the breadth of Rule 905(A) is limited by Pa.R.A.P. 2591. *See* 1 Pa.C.S. § 1933 (stating that if two provisions conflict, they shall be construed, if possible, so that both may be given effect; if the conflict is irreconcilable, the specific provision prevails and is to be construed as an exception to the general provision).

_____

[19] Indeed, it has long been the law in Pennsylvania that following remand, a lower court is permitted to proceed only in accordance with the remand order.

\*\*\*

While we believe that our case law is clear, to the extent there is any lack of clarity in our prior decisions by their failure to consider Rule 905(A), **we specifically hold that a PCRA court does not have discretion to treat new claims raised by a PCRA petitioner as an amended PCRA petition following remand from this Court unless such amendment is expressly authorized in the remand order**. Rather, application of the liberal amendment policy of Rule 905(A) requires that the PCRA petition in question is still pending before the PCRA court at the time the request for amendment is made. Following a full and final decision by a PCRA court on a PCRA petition, that court no longer has jurisdiction to make any determinations related to that petition unless, following appeal, the appellate court remands the case for further proceedings in the lower court. In such circumstances, the PCRA court may only act in accordance with the dictates of the remand order. The PCRA court does not have the authority or the discretion to

permit a petitioner to raise new claims outside the scope of the remand order and to treat those new claims as an amendment to an adjudicated PCRA petition.[21]

_____

[21] To hold otherwise would allow "an extra round of collateral attack for certain defendants, unauthorized by the General Assembly," which this Court has expressly condemned. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013).

*Sepulveda*, 144 A.3d at 1278-80 (emphasis added; citations altered; some citations and footnotes omitted).

As in *Sepulveda*, the PCRA court here fully addressed the issues raised in Appellant's initial timely-filed PCRA petition and rendered a final decision on that petition. Appellant appealed from that final order to this Court. Upon review, we remanded with specific instructions for the PCRA court to (1) appoint counsel and (2) conduct an evidentiary hearing on Appellant's ineffective-assistance-of-counsel claim regarding Appellant's decision not to testify. *McCollum*, 183 A.3d 1041 (unpublished memorandum at 8-9). By permitting Appellant to raise a new claim in what it considered to be an amendment to Appellant's first PCRA petition, "the PCRA court exceeded the scope of our remand order and the scope of its authority." *Sepulveda*, 144 A.3d at 1280-81. Accordingly, we will not consider Appellant's amended PCRA petition in our review of this case as leave to amend it was improvidently granted. Furthermore, the PCRA court's December 5, 2018 order granting leave to amend the petition was a legal nullity because the PCRA court lacked jurisdiction to enter such order. *Id.*

Once the PCRA court disposed of the June 24, 2015 PCRA petition in its April 3, 2019 order, our directive on remand was completed and nothing further should have been pending in the matter, rendering the April 3, 2019 order a final order pursuant to Pa.R.A.P. 341.

Thus, we must determine whether Appellant's notice of appeal was timely filed from the April 3, 2019 order dismissing his June 24, 2015 PCRA petition.[8] *See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted) ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*."). A notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a).

> The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act. Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal. Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.

*Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) (citations omitted).

In his response to our show-cause order, Appellant states that he was represented by counsel at the time the PCRA court issued the April 3, 2019

---

[8] Because we are only dealing with an appeal from a single order, this Court's concerns in the show-cause order regarding compliance with Pa.R.A.P. 341 are no longer implicated.

- 10 -

order. As previously noted by this Court, no appeal was filed from that order and Appellant admits as such. According to Appellant, counsel informed him on April 22, 2019, that "she will not be filing an appeal for the April 3, 2019 order until the outcome of the [] amended issue becomes final" and that if an appeal was filed in April 2019, "it would be denied because both issues had not been finalized[.]" Appellant's Response, 12/26/2019, at 2. Appellant does not allege that he asked counsel to file a notice of appeal and that counsel refused to do so based on her mistaken perception of the procedural posture. Rather, he merely recounts that counsel advised him of her perception that any appeal from the April order would be premature.

This Court has "many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation **relayed to him by the trial court**." ***Commonwealth v. Larkin***, 235 A.3d 350, 353 (Pa. Super. 2020) (*en banc*) (emphasis added; citations omitted). Instantly, the PCRA court did not relay misinformation to Appellant about his appeal period. In fact, the PCRA court explicitly stated in its April 3, 2019 order dismissing Appellant's PCRA petition that he had 30 days to appeal that final order. Rather, it was counsel who, according to Appellant's response to our show cause order, relayed misinformation about the timeframe for appeal. Given this background, our line of cases declining to quash based on a breakdown in the court system does not apply here.

However, our review does not end here. In November 2019, Appellant inquired with the PCRA court about the status of his appeal because the PCRA court had not yet docketed his September 23, 2019 notice of appeal.[9] As noted hereinabove, the PCRA court responded by *sua sponte* reinstating Appellant's PCRA appeal rights *nunc pro tunc*, and Appellant filed a notice of appeal in response, which this Court ultimately dismissed as duplicative.

> [T]his Court has held that a trial court may not *sua sponte* reinstate a defendant's post-sentence motion or direct appeal rights *nunc pro tunc* in the absence of a PCRA petition being filed before the court. **Commonwealth v. Turner**, 73 A.3d 1283, 1285 n.2 (Pa. Super. 2013); **see also** 42 Pa.C.S. § 9545(a) (stating, "[n]o court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter[]"). No PCRA petition has been filed. As a result, the trial court lacked the judicial power when it entered its [] order, *sua sponte* extending the post-sentence motion filing period.

**Commonwealth v. Leatherby**, 116 A.3d 73, 87 n.4 (Pa. Super. 2015) (Mundy, J., dissent) (citations altered). Here, Appellant did not file a petition to reinstate his PCRA appeal rights *nunc pro tunc*, and the PCRA court therefore lacked the power to grant that relief *sua sponte*.[10]

---

[9] We note that this error on the PCRA court's part does not impact our analysis as the notice was not rendered untimely by the court's failure to docket it; the filing itself was untimely.

[10] Even if we could somehow construe Appellant's letter inquiring about the status of his appeal as a petition to reinstate his PCRA appeal rights, the PCRA court lacked jurisdiction to grant such relief.

A petition to reinstate the right to appeal an order denying a first PCRA petition is a second PCRA petition. **Commonwealth v. Fairiror**, 809 A.2d
*(Footnote Continued Next Page)*

Based on the foregoing, we are compelled to quash the instant appeal as untimely filed.

_____
*(Footnote Continued)*

396, 397 (Pa. Super. 2002). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" ***Id.*** (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)). "In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect." ***Commonwealth v. Ballance***, 203 A.3d 1027, 1033 (Pa. Super. 2019) (citation omitted). Moreover, the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (internal quotation marks omitted).

Instantly, Appellant's judgment of sentence became final on October 28, 2014, when the period for Appellant to file a petition for a writ of certiorari with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13(1). Therefore, Appellant had until October 28, 2015, to file timely any PCRA petition. Appellant's November 2019 letter was patently untimely under the PCRA, and he had the burden of pleading and proving an exception to the time-bar in order to secure relief. 42 Pa.C.S. § 9545(b)(1). Appellant's letter did not allege any of the statutory exceptions to the PCRA's one-year time bar. Even if we were able to incorporate Appellant's later statement that counsel advised Appellant that an appeal from the April order would be premature into his letter, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005). Thus, even if Appellant's letter could be considered a petition to reinstate his PCRA appeal rights, the PCRA court still lacked jurisdiction to do so.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2020